**A. L. SAUDER, Jr., Appellant,**

v.

**Rex Allen FRYE, Appellee.**

No. 18379.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 26, 1981.

Prothro & Sellers, and Lee Sellers, Wichita Falls, for appellant.

William A. Nobles, Decatur, for appellee.

OPINION

SPURLOCK, Justice.

This case involves an oil, gas and mineral lease. A. L. Sauder, Jr. is the appellant and lessee. Rex Allen Frye is the appellee and lessor. The primary term of the Frye lease expired May 24, 1979. Sauder contends the lease was extended by the execution of a designation of pooled unit which unit included the Frye lease. Frye contends that the pooling unit was of no effect as it failed to meet the formalities set out in the lease, and, as no other lease created contingencies

---

for extension of the lease were present on May 23, 1979, the lease expired under its own terms.

The significant portion of the lease provides:

"The commencement, drilling, completion of, reworking of or production from a well on any portion of the unit created hereunder shall have the same effect upon the terms of this lease as if a well were commenced, drilled, completed, reworked or producing on the land embraced by this lease.

" . . .

"If lessee does create any such unit or units under the rights herein granted, then lessee shall execute in writing and record in the county or counties in which each such unit or units created hereunder may be located an instrument identifying and describing each such unit or units so created."

On May 7, 1979 Sauder signed and had acknowledged the designation of pooled unit which included a portion of the land covered by the Frye lease. This date was sixteen days prior to the Frye lease expiration date. Included within this pooled unit was a lease (other than the Frye lease) on which drilling operations had commenced April 15, 1979. That well was completed as a gas well capable of producing in commercial quantities on May 26, 1979. On May 31, 1979 the designated pooled unit was recorded by the county clerk in the county of its location.

Frye obtained a declaratory judgment that the lease was void and terminated by its own terms on May 24, 1979. Sauder appeals.

We affirm.

Was the designation of pooled unit executed by Sauder effective as to the Frye lease as of the date it was executed and acknowledged or was it effective only when it was filed for record in the required county?

■ The Frye lease provides that where the lessee creates pooled units he "shall execute in writing and record in the coun-

ty" where the units are created an instrument identifying them. Sauder relies on the case of *Tiller v. Fields*, 301 S.W.2d 185, 191 (Tex.Civ.App.—Texarkana 1957, no writ). However, in *Tiller* the unit designation was both executed and recorded within the primary term of the lease. Here, although executed prior to the expiration of the primary term the unit designation containing a part of the acreage of the Frye lease was not recorded until after the primary term had lapsed. Additionally, the lease in *Tiller* did not require the unit designation to be recorded as the Frye lease did. Sauder failed to comply with the contractual condition precedent set out in the Frye lease necessary to extend that lease beyond its primary term.

We find the case of *Yelderman v. McCarthy*, 474 S.W.2d 781, 782 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.) more in point with the case before us. The lease in *Yelderman* provided that the unit declaration should be filed for record and that "upon such recordation the unit shall be effective as to all parties hereto . . . ." The court there found the lease effective from the date of its recordation.

We find that the provision in the Frye lease evidenced the intent of the parties that for unitization to be effective one of its required conditions was the recordation of the designation of pooling. Only at that point would the unitization validly come into being under the terms of the lease. We overrule appellant Sauder's first point of error.

■ In his second point Sauder raises error of the trial court in denying his motion for summary judgment. Both parties filed motions for summary judgment. The trial court granted Frye's and denied Sauder's. Where both parties file motions for summary judgment and one such motion is granted, the trial court's judgment becomes final and appealable. *Tobin v. Garcia*, 316 S.W.2d 396 (Tex.1958), limited by *Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex. 1966).

We have reviewed the entire record. We find no reversible error and overrule Sauder's final point of error.

Judgment affirmed.