**H. B. SANDERS, Appellant,**

v.

**A. H. BELO CORPORATION, Appellee.**

**No. 8903.**

Court of Civil Appeals of Texas, Texarkana.

Aug. 18, 1981.

Rehearing Denied Sept. 15, 1981.

J. R. Cornelius, The Cornelius Law Firm, Jefferson, for appellant.

John L. Estes, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

HUTCHINSON, Justice.

This is a suit for damages for the slander of title to certain realty.

Appellant, H. B. Sanders, the owner of several lots in the Deer Cove Subdivision in Marion County, Texas, instituted this suit against appellee, A. H. Belo Corporation, for damages alleged to have been caused by the abstracting of a void judgment.

On June 14, 1976, appellee obtained a default judgment against appellant in a district court of Dallas County and a certified copy of this judgment was filed in the abstract of judgment records of Marion County on August 9, 1976. By a bill of review action in Dallas County appellant was on May 24, 1978, able to set aside the default judgment upon the basis that no service of process was ever had upon him. This suit was instituted shortly thereafter, but a release of the abstract of judgment lien was not filed by appellee until May 16, 1980.

Trial was to a jury and the cause was submitted on four special issues. In response to the issues, the jury found that appellee failed to release the abstract of judgment after June 24, 1978, and before May 16, 1980, and that such failure was with malice. The jury then failed to find that appellant lost any specific sale or sales where a buyer identifiable by name was ready, willing and able to purchase during the period from June 24, 1978, through May 16, 1980. The fourth issue, conditioned upon an affirmative answer to the preceding issue, inquired as to the amount of net profit lost by appellant by reason of the lost sales, if any. The issue was answered, disregarding the instruction, by a "0".

A take nothing judgment was entered and this appeal perfected.

By the first point of error, appellant contends that the trial court erred in submitting the case to the jury by the inquiry as to specific lost sale or sales of lots rather than the impairment of the vendibility of the lots.

A portion of appellee's response to this point of error calls attention to the fact that appellant failed to plead and prove the loss of a pending sale and that such a pleading and proof is required before a recovery can be had in a slander of title suit. In doing so the case of *Shell Oil Co. v. Howth*, 138 Tex. 357, 159 S.W.2d 483 (1942), is cited and to it can be added *Humble Oil & Refining Co. v. Luckel*, 171 S.W.2d 902 (Tex.Civ.App.—Galveston 1943, writ ref'd w. o. m.); *Ross v. Jarrett*, 146 S.W.2d 219 (Tex.Civ.App.—Fort Worth 1940), *affm'd*, 139 Tex. 560, 164 S.W.2d 550 (1942); *Houston Chronicle Pub. Co. v. Martin*, 5 S.W.2d 170 (Tex.Civ.App.—El Paso 1928, writ dism'd).

Appellant bases his assertion upon the case of *Walker v. Ruggles*, 540 S.W.2d 470 (Tex.Civ.App.—Houston [14th Dist.]

1976, no writ). There it was specifically held that a recovery of damages was not precluded in a slander of title action merely because of the inability to prove the loss of a specific pending sale and that the rule stated in § 633 of the Restatement (Second) of Torts (1977) should be instead applied. In doing so, the court approved the recovery of damages for the "impairment of vendibility" of the land in question by the slander of title. We approve the reasoning and holding of the case. See Heath & Bentley, *Real Property*, 31 Sw.L.J. 41 (1977).

■ Appellant's pleadings and the received evidence would have permitted the submission of proper issues to the jury with respect to the impairment of the vendibility of his lots. The requested special issues relative thereto were in substantially correct wording and properly tendered to the court in writing and should have been submitted.

■ Appellant further complains of the limited time period submitted in issues numbered one and three, that is from June 24, 1978 (the date the bill of review judgment became final), and May 16, 1980 (the date the release of the abstract of judgment was filed in Marion County). Appellant contends that the time period should begin on August 9, 1976, the day the certified copy of the default judgment was filed in the abstract of judgment records of Marion County. We hold that the trial court was correct in its limitation of the time period. The filing of the certified copy of the judgment in Marion County was in the course of a judicial proceeding, even though the judgment was subsequently found to be void, and was a part of the judicial proceeding. As such, its filing is absolutely privileged and the filing cannot constitute the basis of a civil action for damages for slander until such time as the judgment was judicially declared to be void. *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942); *Louis v. Blalock*, 543 S.W.2d 715 (Tex.Civ.App.—Amarillo 1976, writ ref'd n. r. e.); *Kropp v. Prather*, 526 S.W.2d 283

(Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.).

The cause is reversed and remanded.

CORNELIUS, C. J., not participating.