A. H. BELO CORPORATION, Petitioner,

v.

H. B. SANDERS, Respondent.

No. C–803.

Supreme Court of Texas.

April 7, 1982.

Rehearing Denied May 19, 1982.

Locke, Purnell, Boren, Laney & Neely, John L. Estes and Elizabeth Lang-Miers, Dallas, for petitioner.

J. R. Cornelius, Jefferson, for respondent.

McGEE, Justice.

The respondent, H. B. Sanders (hereinafter "Sanders") brought this action against A. H. Belo Corporation (hereinafter "Belo") for damages for the slander of title to certain real property. Upon receipt of the jury's answers to special issues, the trial court ordered that Sanders take nothing in the suit. The court of appeals reversed the trial court's judgment and remanded the cause for a new trial. 621 S.W.2d 205. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

On June 14, 1976, Belo obtained a default judgment against Sanders in a Dallas County district court. A certified copy of the judgment was filed in the Marion County abstract of judgment records on August 9, 1976. On May 24, 1978, Sanders obtained a judgment in a bill of review action in Dallas County which set aside the default judgment on the basis that no service of process was ever had upon him. The bill of review judgment was filed in the abstract of judgment records of Marion County on May 30, 1978. This suit was instituted on June 9, 1978, but a release of the abstract of judgment lien was not filed by Belo until May 16, 1980.

Sanders, the owner of several lots in the Deer Cove Subdivision in Marion County, attempts to recover in this action the damages allegedly caused by the abstracting of the Dallas County judgment. The trial court submitted four special issues to the jury. Two of these special issues were answered in Sanders' favor. However, the jury failed to find that Sanders experienced a loss of any specific sale or sales where a buyer identifiable by name was ready, willing and able to purchase the lots during the period from June 24, 1978, through May 16, 1980. On the basis of this answer the trial court ordered that Sanders recover nothing from Belo.

Relying on *Walker v. Ruggles*, 540 S.W.2d 470 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ), the court of appeals reversed, holding that the plaintiff need not prove specific lost sales in order to recover; rather, Sanders must only prove the vendability of the lots had been impaired. The court remanded the cause to the trial court for submission of special issues concerning impaired vendability.

The only issue before us is whether Sanders was required to prove a specific lost sale or sales in order to recover on his slander of title action.

The holding of the court of appeals is contrary to the general rule long-standing in Texas. In *Shell Oil Co. v. Howth*, 138 Tex. 357, 159 S.W.2d 483 (1942), this court wrote:

In order to recover in a slander of title suit, the plaintiff must allege the loss of a specific sale. The authorities support the rule that in slander of title cases it is generally held necessary to plead and prove a pending sale, which was defeated by the slander, as a prerequisite to recovery.

159 S.W.2d at 490. (citations omitted).

We hold that Sanders was required to prove the loss of a specific sale or sales in order to recover on his slander of title action. Insofar as *Walker v. Ruggles, supra,* is inconsistent with this holding, it is overruled.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.