**Shannon Kelley CLARK and Marjorie G. Hugo, Appellants,**

v.

**Martha LEWIS, Appellee.**

**No. 13–84–136–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 6, 1984.

S. Reese Rozzell, Rockport, for appellants.

Lola L. Bonner, Rockport, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment awarding appellee a judgment for debt, plus attorney's fees and a take nothing judgment on appellants' counterclaim for slander of title.

Appellee, Martha Lewis, a real estate agent in Aransas County, filed suit against appellants, Shannon Kelley Clark and Marjorie G. Hugo, for foreclosure of a

mechanics and materialman's lien or, alternatively, for debt to recover money she had expended while occupying appellants' home. She abandoned the claim on the lien prior to trial.

The relationship between the parties arose in April or May 1981 when appellee asked to rent appellant's home in Rockport, Texas during a period of time in the summer of 1981. Appellants were then on an extended stay in California. Appellee was aware that the appellants' home was unoccupied because she worked for the real estate company that had listed the house for sale. Appellants agreed to allow the appellee to move in, but the specifics of their agreement are in dispute. Both parties agree that appellee was supposed to pay appellants' mortgage payment while she occupied the home. Appellee testified that she occupied the home for only one month. Appellant Shannon Clark testified that Lewis agreed to pay the mortgage payments and utilities for the months of June and July. However, an excerpt from a letter written by appellant Clark to appellee on May 6, 1981, suggested the following arrangement:

> We were pleased to hear from you today. Thank you for calling us. As we told you in our discussion, it will be satisfactory with us, if the house has not been sold by then, for you to occupy our home at 1818 Bayshore Drive, Key Allegro, during the latter part of June *or* during July and you will pay the June *or* July installments on our loan with Mrs. Leona Webster as well as all the utilities while you are there." (Emphasis ours.)

The trial court, in findings of fact and conclusions of law, found that the appellee had paid both the June and July mortgage payments and that the June payment was expended at the specific request of the appellants with the understanding that she would be reimbursed by the defendants.

Appellee also claimed that she paid a painting charge of $400.00 for which she had been reimbursed only to the extent of $200.00, a $28.00 charge to have the air conditioning system inspected, and $68.00

for the June utility bill. Appellants claim that they offered to reimburse appellee for the amount expended for painting and the bill for the air conditioning inspection, but not the mortgage payment for June or the June utility bill. The trial court found that the appellee was justly entitled to the entire $619.00 for which she sued. The court further found that the appellee did not slander the appellants' title to their property.

Appellants assert three points of error on appeal. All are directed to their counterclaim for slander of title. They argue that the trial court's finding that the appellee did not slander the title of appellants' property was against the great weight and sufficiency of the evidence, that the trial court's finding that appellants did not sustain actual damages as a result of the filing of the lien was against the great weight of the evidence, and that the trial court's finding that the appellee did not act willfully, maliciously or in bad faith when she filed a mechanic's and materialman's lien against the appellants' real property was against the great weight of the evidence. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ ref'd n.r. e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L. Rev. 361 (1960).

In order for a party to recover in an action for slander of title, he must allege and prove: 1) the utterings and publishing of disparaging words; 2) that they were false; 3) that they were malicious; 4) that he sustained special damages thereby; and 5) that the plaintiff possessed an estate or interest in the property disparaged. *American National Bank & Trust Co. v. First Wisconsin Mortgage Trust*, 577 S.W.2d 312 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). It is also the rule in Texas in such cases that the plaintiff must plead and

prove the loss of a specific sale. *Ellis v. Waldrop,* 656 S.W.2d 902 (Tex.1983); *A.H. Belo Corp. v. Sanders,* 632 S.W.2d 145 (Tex.1982).

Appellants argue that the trial court's finding that appellee did not act willfully or maliciously was against the great weight and preponderance of the evidence. Malice as a basis for recovery of actual damages means that the act/or refusal was deliberate conduct without reasonable cause. *Kidd v. Hoggett,* 331 S.W.2d 515 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.). Malice as a basis of punitive damages is described as actual malice, ill will, bad or evil motive, or such gross indifference to or reckless disregard of the rights of others to amount to a willful or wanton act. *Kidd v. Hoggett,* 331 S.W.2d at 518; *Wheelock v. Batte,* 225 S.W.2d 591 (Tex.Civ.App.—Austin 1949, writ ref'd n.r.e.). Here, appellee testified that she went to a person named "Jim Anderson" to seek advice on how she could recover funds she felt were owed to her. The evidence showed that appellee was an experienced realtor who knew that, by filing a lien, it would affect the title of appellants' residence. There was evidence, however, that appellee abandoned her lien claim prior to trial. Appellants assert that appellee abandoned her cause of action for foreclosure of the lien because she had no standing to perfect the lien under the statute. Appellee's explanation and the trial court's finding was that the required notice of the lien had not been filed by appellee. There was evidence supporting both parties' contentions. However, we cannot say that the finding of the trial judge that appellee was not acting maliciously was against the great weight and preponderance of the evidence.

Appellants claimed that the trial court's finding that they had suffered no actual damage was against the great weight and preponderance of the evidence. Appellants suggest that the $1,200.00 bond they were required to post constituted actual damage to them. Appellants also asserted that they were forced to expend attorney's fees as a result of appellee's lien claim. It appears to us that, at most, appellants lost the use and benefit of the $1,200.00 for the period of time that the money was in escrow. The cost of attorney's fees may not be considered actual damage because they are not recoverable in a slander of title action. *Storm Associates, Inc. v. Texaco, Inc.,* 645 S.W.2d 579 (Tex.App.—San Antonio 1982, no writ); *Ryan v. Mo-Mac Properties, Inc.,* 644 S.W.2d 791 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); *American National Bank v. First Wisconsin Mortgage Trust,* 577 S.W.2d at 319; *contra Walker v. Ruggles,* 540 S.W.2d 470 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).[1] In a slander of title action, the plaintiff's only damages are special damages in the form of pecuniary losses. *Louis v. Blalock,* 543 S.W.2d 715 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). We find that even if the trial court erred in finding that the appellants sustained no actual damage by depositing $1,200.00 to bond around the lien, such error is harmless in view of the fact that the trial court also found that the appellee had not acted with malice which is an essential element in a slander of title action.

It is the general rule in Texas that an essential element to recovery under a slander of title theory is a loss of a specific sale. *Ellis v. Waldrop,* 656 S.W.2d 903 (Tex.1983); *Belo Corp. v. Sanders,* 632 S.W.2d 145 (Tex.1982). Both of the parties agree that, in this case, there was no loss of a specific sale. However, appellants argue that the lien was filed with the intent to frustrate the sale of appellants' home or to harass them into paying the claim and, as such, should be an exception to the general rule. We disagree. Appellants have given us no reason or authority to deviate from the general rule in this case. Appellants' points of error are overruled.

The judgment of the trial court is affirmed.

---

1. Overruled on other grounds in *A.H. Belo Corp. v. Sanders,* 632 S.W.2d 145 (Tex.1982).