**Anna Trosclair OSTARLY and Richard A. Ostarly, et al., Appellants,**

v.

**Willie Mae JOHNSON, a/k/a Willie Mae Skrobarczyk, Appellee.**

**No. 13-85-214-CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1985.

J.R. Keeling, Office of J.R. Keeling, Corpus Christi, for appellants.

Ernest L. Duncan, Jr., Barnhart, Mallia, Cochran & Luther, Corpus Christi, for appellee.

Before UTTER, SEERDEN, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a judgment of the trial court in a slander of title action denying appellants recovery of damages. We affirm the judgment of the trial court.

On December 13, 1984, the trial court granted appellants a partial summary judgment. It held that appellee willfully and intentionally slandered appellants' title to the property in question and further quieted title in appellants. The issue of damages was tried to the court on January 18, 1985. The court denied appellants any actual or punitive damages. Appellants have limited their appeal to whether the trial court erred in failing to award damages.

Appellants, in their first point of error, contend that the trial court erred in failing to award damages because the trial court's finding that the property was marketable is against the great weight and preponderance of the evidence.

The trial court's judgment on December 13, 1984, removed the cloud cast upon appellants' title by appellee. Appellants contend that even though the trial court's judgment confirmed title to the property in appellants such property remained unmarketable. Appellants rely upon the testimony of Bickford Shaw, a Corpus Christi attorney, and Nolan Lackey, a real estate agent. Mr. Shaw, who in 1982 represented San Jacinto Title Company and, at the time of trial, was part owner of Nueces Title Company, testified that he would be reluctant to issue a title policy on appellants' land even with a judgment of record confirming ownership of the property in appel-

lants. Mr. Shaw further testified that there are seven title companies in Corpus Christi. He stated that he was only speaking for Nueces Title Company and was not expressing an opinion as to whether any of the other title companies would issue a policy on appellants' land with a judgment of record quieting title in appellants. This evidence only establishes that Nueces Title Company would not issue a policy on appellants' land. It does not establish whether or not any of the other six title companies would or would not issue a title policy on the subject property. Further, Mr. Shaw testified that his reluctance to issue a title policy, even if title were cleared by the court's judgment, is based upon his "fear" that appellee *may* at some future date again file documents which would cloud the title.

Appellants seem to equate the availability of a title policy with marketability of the property itself. Mr. Lackey testified, by deposition, that "you just can't hardly make a sale without [a title policy]." There was also testimony to the effect that financing from a lending institution is unavailable without a title policy or an attorney's title opinion. Although this evidence shows that a title policy is helpful in procuring a sale of real property where traditional financing is used, it does not prove that the property in the absence of a title policy is wholly unmarketable and therefore of no value.

■ We hold that the trial court's finding that its judgment removing the cloud on appellants' title rendered appellants' land marketable is not against the great weight and preponderance of the evidence. Appellants' point of error number one is overruled.

In point of error number two, appellants assert that the trial court's finding that appellants failed to prove that the property had a value of less than $30,000.00 after the cloud on the title was removed is against the great weight and preponderance of the evidence.

A plaintiff seeking to recover damages in a slander of title action must prove the loss of a specific sale in order to recover. *A.H. Belo, Corp. v. Sanders*, 632 S.W.2d 145 (Tex.1982). However, the proof does not stop here. The amount of actual damages incurred, if any, is calculated by subtracting from the price which would have been realized had the sale not been frustrated, the market value of the land at the time of trial with the cloud on the title removed. *Reaugh v. McCollum Exploration Co.*, 139 Tex. 485, 163 S.W.2d 620 (1942); *See American National Bank & Trust Co. v. First Wisconsin Mortgage Trust*, 577 S.W.2d 312 (Tex.Civ.App.—Beaumont 1979, writ ref'd. n.r.e.).

Appellant, Richard Ostarly, testified that the amount that they would have realized had the sale not been frustrated was $30,-000.00. Nolan Lackey testified that if the title was marketable the property would have a value of at least $30,000.00, and would be readily saleable, being in a good location. J.R. Keeling, a Corpus Christi real estate attorney, testified that he received an offer of $45,000.00 for the subject property conditioned on a clear title. There was also evidence presented that the property has been appraised by the Tax Appraisal District at $33,500.00. Mr. Ostarly further testified that this appraisal represented a reasonable price or value for the property with the cloud on the title removed. This evidence clearly established that the value of the property with the cloud on the title removed was at least $30,000.00.

As the Supreme Court held in *Reaugh:*
It is readily apparent that to allow the plaintiffs to recover the full amount for which they could and would have sold the [property] and to permit them to retain the land with the cloud removed therefrom, would be to allow them to recover more than they were actually damaged. This would be allowing the plaintiffs to 'have their cake and eat it too.'

*Reaugh v. McCollum Exploration Co.*, 163 S.W.2d at 622.

■ The trial court did not err in denying appellants any special damages and

was correct in finding that appellants failed to prove that the price for which the subject property could have been sold after the cloud on the title was removed was less than $30,000.00. Appellants' second point of error is overruled.

The judgment of the trial court is AFFIRMED.