**PAMPELL INTERESTS, INC., et al., Appellants,**

v.

**Wayne E. WOLLE, Marie Wolle Nelius and Lloyd E. Nelius, Appellees.**

No. 3–89–238–CV.

Court of Appeals of Texas, Austin.

Oct. 10, 1990.

Rehearing Overruled Nov. 7, 1990.

Ronald O. Holman, Holman, Robertson, Taylor, Eldridge & Lustig, Dallas, for appellants.

Jim L. Flegle, Bracewell & Patterson, Dallas, for appellees.

Before POWERS, CARROLL and SMITH\*, JJ.

CARROLL, Justice.

Pampell Interests, Inc. and Zeal Energy Corporation appeal the trial court's judgment voiding a pooling declaration and an oil and gas lease, and assessing damages for slander of title. We will affirm that portion of the judgment voiding the lease and unit designation, but reverse the award of damages.

## BACKGROUND

On September 11, 1983, Wayne E. Wolle, Marie Wolle Nelius and Lloyd E. Nelius (the "Wolles") and Pampell Interests, Inc. ("Pampell") executed an oil and gas lease with a primary term of two years (the "Pampell lease") covering land in Fayette County (the "Wolle tract"). The Pampell lease contained a clause providing that Pampell could pool the Wolle tract with other land, and that oil and gas operations anywhere on the unitized tract would maintain the Pampell lease.

Pampell admits that it was not engaged in "operations" on the Wolle tract sufficient to maintain the lease at the close of the primary term. On the day the Pampell lease was to expire, Zeal Energy Corporation ("Zeal"), an apparent stranger to the Pampell lease, filed a unit designation allegedly pooling some of the acreage from the Wolle tract into a 160 acre tract. Zeal had already commenced drilling operations on a well on other acreage covered by the unit declaration. This well proved successful.

Nine days after Zeal filed the unit declaration, the Wolles executed an oil and gas lease with U.S. Companies, Inc. ("U.S. Companies"). On October 9, 1985, the Wolles and U.S. Companies sued Pampell and Zeal, seeking a declaration that the Pampell lease had expired by its own terms, and that the unit designation was void to the extent it purported to encompass the Wolle tract. The Wolles also requested damages.

The Wolles and U.S. Companies moved for partial summary judgment. In their response, Zeal and Pampell contended, apparently for the first time, that Zeal filed the unit designation as agent for Pampell. Alfred E. Pampell, who signed the unit designation on behalf of Zeal, is the president and sole shareholder of both Zeal and Pampell. However, Zeal is not otherwise affiliated with Pampell, and Zeal had no record interest in the Pampell lease or the Wolle tract at the time it filed the unit designation. The trial court granted partial summary judgment voiding the Pampell Lease and the unitization. After an evidentiary hearing on damages, the trial court awarded the Wolles $23,850 in actual damages and $50,000 in exemplary damages, plus interest.

Appellants Pampell and Zeal appeal on several grounds, three of which we will address in detail. First, appellants allege that the trial court erred in granting partial summary judgment because there was a fact issue as to whether Zeal acted as Pampell's agent in filing the unit designation. Second, appellants allege that indispensable parties were absent. Third, appellants assert that the award of damages was not

---

\* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

supported by the pleadings or tried by consent.

## ZEAL'S ALLEGED AGENCY

■ The Pampell lease could be extended beyond its primary term only by operations on the Wolle tract or on acreage properly pooled with the Wolle tract. There were no operations on the Wolle tract at the close of the primary term. However, Zeal had commenced operations on the acreage allegedly pooled with the Wolle tract. The question then is whether the unit designation properly pooled the productive acreage with the Wolle tract and so saved the Pampell lease. The trial court found that the unit designation was void, apparently because it was filed by a stranger to the title. Appellants argue that the trial court erred in granting summary judgment because there is a fact issue as to whether Zeal acted as Pampell's agent in filing the unit designation. We disagree. Even if Zeal were Pampell's agent, the unitization is invalid because it did not comply with the terms of the Pampell lease.

The parties to an oil and gas lease must strictly comply with its terms. *See Sauder v. Frye*, 613 S.W.2d 63, 64 (Tex.Civ.App. 1981, no writ). Texas courts have applied this principle to pooling clauses in oil and gas leases. *See Sauder*, 613 S.W.2d at 64 (lease that required recordation of unit declaration was not extended beyond primary term by unit designation that was not timely recorded); *Leach v. Brown*, 353 S.W.2d 920, 923 (Tex.Civ.App.1962, writ ref'd n.r.e.) (pooling clause that provided for unitization only on surface acreage basis did not authorize pooling on any other basis). Thus, the parties to the Pampell lease were required to strictly comply with its pooling provision. Pampell did not.

The Pampell lease required the "lessee" —Pampell—to execute and record the unit designation. The unit designation in this case was executed and recorded by Zeal, not Pampell. Moreover, not only did Zeal fail to specify in the unit designation that it was acting as agent for Pampell, to the contrary, Zeal purported to be the owner of the Pampell lease. Zeal was a stranger to the lease, however—Zeal even admitted that it had no interest in the Pampell lease or the Wolle tract. Therefore, the unit designation did not strictly comply with the terms of the lease, and so would be invalid even if Zeal had acted as Pampell's agent.

## INDISPENSABLE PARTIES

In their opposition to appellees' motion for partial summary judgment, appellants argued that an indispensable party, Endrex Exploration Co. ("Endrex"), was absent. Endrex apparently asserts a working interest in the pooled unit. In their motion for new trial, appellants again raised this issue and also argued that the owners of the other properties in the pooled tract were indispensable parties. Appellants argue that the trial court erred in overruling these objections. We disagree.

Joinder of parties is controlled by Rule 39 of the Texas Rules of Civil Procedure, which requires a person to be joined only in two circumstances. First, a person must be joined if complete relief cannot be afforded in his absence. Tex.R.Civ.P.Ann. 39 (Supp.1990). Second, a person must be joined if he claims an interest in the litigation and disposition in his absence will (i) impede his ability to protect his interest, or (ii) create a risk that the parties will be subject to inconsistent obligations. *Id.*

■ The question under Rule 39 is whether the trial court should proceed with those who are present. *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 204 (Tex.1974). As the Texas Supreme Court has stated, "it would be rare indeed if there were a person whose presence was so indispensable that his absence deprives the court of jurisdiction to adjudicate between the parties already joined." *Cooper*, 513 S.W.2d at 204. Generally, the question of joinder is within the discretion of the trial court. *Hall v. Dorsey*, 596 S.W.2d 565, 570 (Tex.Civ.App.1980, writ ref'd n.r.e.).

■ In this case, the trial court apparently determined that the joinder of Endrex and the other property owners was not necessary, because it overruled appellants'

objections. That conclusion is within the trial court's discretion. Moreover, we agree with the court's determination. Because Endrex and the other property owners are strangers to the Pampell lease, their joinder could not possibly affect the trial court's determination of the lease's validity.

In addition, if appellants truly felt there was a risk of inconsistent obligations, they should have attempted to bring the alleged indispensable parties into this cause before judgment. Instead, appellants did not complain about Endrex's absence until their opposition to the motion for partial summary judgment, which they filed seventeen months into the lawsuit. Appellants admit that they first raised the absence of the other property owners in their plea in abatement, filed three days after final judgment. Accordingly, appellants may very well have waived this complaint.

Appellants rely on cases which require the joinder of owners of pooled interests in litigation involving the validity of unit declarations. These cases were decided before the 1971 amendment of Rule 39, and do not support appellants' claim. This point is overruled.

### THE DAMAGES AWARD

Pampell and Zeal argue that the award of actual and exemplary damages was neither supported by the pleadings nor tried by consent. Appellees alleged in their petition that appellants created a cloud on appellees' title, rendering them "unable to develop the subject lands" and causing them damages well in excess of the minimum jurisdictional limits of the trial court. The trial court agreed and awarded appellees almost $75,000. Appellants assert that the trial court erred because appellees failed to plead and prove a cause of action that would support the damages award. We agree.

■ Generally, Texas recognizes two causes of action to remedy a cloud on title. First, the aggrieved party may bring a suit to remove the cloud. This is an equitable action for which damages are not available. *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex.

1983). Appellants do not dispute that appellees properly pled this cause of action.

■ Second, the aggrieved party may sue for slander of title. Slander of title is a tort action with stringent pleading and proof requirements. The plaintiff must prove that the defendant made a false and malicious statement, disparaging property in which the plaintiff holds an interest, and causing special damages. *Clark v. Lewis*, 684 S.W.2d 161 (Tex.App.1984, no writ). The Texas Supreme Court has consistently held that a plaintiff who sues for slander of title *must plead and prove* the loss of a specific sale. *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex.1983); *A.H. Belo Corp. v. Sanders*, 632 S.W.2d 145 (Tex.1982); *Shell Oil Co. v. Howth*, 159 S.W.2d 483, 490 (Tex.1942). A plaintiff who does not meet these pleading burdens may not recover damages. *Ellis*, 656 S.W.2d at 904–5.

■ As outlined above, appellees alleged a cloud on their title and set forth general allegations regarding damages. That is not enough. Because appellees did not allege the loss of a specific sale, the pleadings do not support the damages award. Appellees argue that we should nonetheless sustain the damages award because there was a trial amendment or, in the alternative, the issue was tried by consent. We disagree.

■ A trial court may allow a trial amendment upon an objection to evidence based on a defect in the pleadings. Tex.R. Civ.P.Ann. 66 (Supp.1990). In the instant case, the trial court rendered a conclusion of law that there was a trial amendment. This conclusion is not supported by the evidence. There is no indication in the record that appellees requested a trial amendment, or that the court granted one. Moreover, appellees never filed an amended petition of any kind and certainly did not file a petition alleging the loss of a specific sale. Accordingly, we conclude that there was no trial amendment.

■ We also conclude that the issue of damages was not tried by consent. There is no trial by consent where a party objects

to the introduction of evidence. *Shook v. Republic Nat'l Bank*, 627 S.W.2d 741, 750 (Tex.App.1982), *rev'd on other grounds*, 653 S.W.2d 278 (Tex.1983); *Cannan v. Varn*, 591 S.W.2d 583, 586 (Tex.Civ.App. 1979, writ ref'd n.r.e.). In this case, appellants objected to testimony on damages at the evidentiary hearing.

Appellees point out that appellants did not object to the introduction of documentary evidence summarizing the testimony on damages. These documents were admitted at the outset of the evidentiary hearing. But, an objection at that time would have been premature because those documents presented only a summary of the testimony to come. Without a foundation for their introduction, the summaries were meaningless and improper evidence. Appellants did object when the testimony regarding damages—the actual evidence of damages—began. Therefore, we conclude that the issue of damages was not tried by consent. Because we sustain appellants' point of error on the ground that the damages award was not supported by the pleadings, we need not reach appellants' remaining points of error attacking the sufficiency of the evidence.

## CONCLUSION

We affirm the district court's judgment voiding the Pampell lease and voiding the unit designation to the extent it purports to include the Wolle tract. We reverse that portion of the judgment that awards damages to the Wolles and render judgment that the Wolles take nothing on their alleged claim for slander of title. The judgment of the trial court is affirmed in all other respects.

Affirmed in Part; Reversed and Rendered in Part.