Larry **RAMSEY**, Appellant,

v.

Jeffrey L. **DAVIS** and Tamara M. **Davis**, Appellees.

No. 05–07–00327–CV.

Court of Appeals of Texas, Dallas.

Aug. 11, 2008.

Rehearing Overruled Sept. 19, 2008.

John M. Gillis, Dallas, TX, for Appellant.

Marc R. May, Gay, McCall, Isaacks, Gordon & Roberts, Frisco, Michael Burns, Anderson, Burns & Vela, LLP, Dallas, TX, for Appellee.

Before Justices WRIGHT, BRIDGES, and MAZZANT.

## OPINION

Opinion by Justice WRIGHT.

Larry Ramsey appeals from a judgment awarding Jeffrey L. Davis and Tamara M. Davis damages for wrongful garnishment and slander of title. In three issues, Ramsey contends generally that the trial court erred in: (1) finding him liable and awarding damages for wrongful garnishment; (2) finding him liable and awarding dam-

ages for slander of title and; (3) granting the Davises' petition for equitable bill of review. We sustain Ramsey's first issue, reverse the trial court's judgment on the wrongful garnishment claim, and render judgment that the Davises take nothing on their wrongful garnishment claim. In all other respects, we affirm the trial court's judgment.

## Background

On November 29,1994, Ramsey obtained a judgment against Leslie Parrent, his former business partner. Parrent did not pay the judgment. While driving one day, Ramsey noticed a Les Parrent Homes sign on a lot on Edgewater Drive in Plano, Texas. He searched Collin County records and learned that, on July 15, 2002, the Davises entered into a mechanic's lien contract with Les Parrent Homes, Inc. in the amount of $520,000 for the construction of a house on that lot. At that time, the Davises were living in a house on Kentwood Drive in Plano, Texas.

Ramsey filed his application for writ of garnishment on November 13, 2002. In the affidavit for writ of garnishment, Ramsey stated that the Davises were indebted to Leslie C. Parrent pursuant to a mechanic's lien contract between "garnishees and Leslie C. Parrent, dba Les Parrent Homes." The Davises filed a verified answer to the garnishment action. In their answer, the Davises stated that: (1) they were not currently indebted to Leslie C. Parrent nor were they indebted to him when the writ of garnishment was served on them; (2) they were not in possession of any effects belonging to Leslie C. Parrent and were not in possession of any effects belonging to him when the writ of garnishment was served on them; and (3) they did not know any persons who were presently indebted to Leslie C. Parrent or who have in their possession effects belonging to him.

The case was subsequently dismissed for want of prosecution. Ramsey filed a motion to reinstate on June 18, 2003 and the trial court granted it. In June of 2003, the Davises sold their Kentwood home and moved into their Edgewater home. The trial court held a garnishment trial on September 29, 2003. The Davises did not receive notice of the trial setting and, thus, were not present for the trial. Following the trial, the trial court rendered a nihil dicit judgment and garnishment. Ramsey then filed an abstract of judgment against the Davises' Edgewater home on November 17, 2003.

The Davises first learned of the garnishment judgment when they attempted to sell their Edgewater home in the summer of 2005. They had a contract on their home when the title company discovered the abstract of judgment. Ramsey refused the Davises' request to release the lien. As a result, the buyers terminated their contract to purchase the Edgewater home.

The Davises then filed a bill of review proceeding to vacate the garnishment judgment. They also asserted claims for declaratory judgment, wrongful garnishment, and slander of title. The trial court granted the bill of review and vacated the garnishment judgment. The Davises' remaining claims proceeded to trial. The trial court rendered judgment awarding the Davises $99,220.14 for wrongful garnishment and $20,000 for slander of title. The trial court entered findings of fact and conclusions of law. This appeal timely followed.

## Standard of Review

In reviewing a trial court's findings of fact for legal and factual sufficiency of the evidence, we apply the same standards we apply in reviewing the evidence supporting a jury's answer. *Catalina v. Blasdel*, 881

S.W.2d 295, 297 (Tex.1994). When the appellate record contains a reporter's record as it does in this case, findings of fact are not conclusive on appeal if the contrary is established as a matter of law or if there is no evidence to support the findings. *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 257 (Tex.App.-Houston [14th Dist.] 2003, pet. denied).

When, as in this case, the appellant is challenging the legal sufficiency of the evidence to support a finding on which it did not have the burden of proof at trial, the appellant must demonstrate on appeal that no evidence exists to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983); *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.-Austin 1992, no writ). When reviewing the record, we look to see whether any evidence supports the challenged finding. *BBQ Blues Texas, Ltd. v. Affiliated Business Brokers, Inc.*, 183 S.W.3d 543, 545 (Tex.App.-Dallas 2006, pet. denied). If more than a scintilla of evidence exists to support the finding, the legal sufficiency challenge fails. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998); *Westech Eng'g*, 835 S.W.2d at 196.

By contrast, when an appellant challenges the factual sufficiency of the evidence on an issue on which it did not have the burden of proof, the appellant must demonstrate the evidence is insufficient to support the adverse finding. *Westech Eng'g*, 835 S.W.2d at 196. In reviewing this point, we consider, weigh, and examine all the evidence presented at trial. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). We set aside a finding for factual insufficiency only if the evidence supporting the finding is so weak as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

## Equitable Bill of Review

■ In his third issue, Ramsey contends the trial court erred in granting the Davises' bill of review and vacating the garnishment judgment. We review the grant or denial of a bill of review under an abuse of discretion standard. *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.-Houston [14th Dist.] 2002, no pet.). A trial court abuses its discretion only if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules or principles. *Id.*

■ To vacate a judgment by bill of review, a party must establish: (1) a meritorious claim or defense; (2) that the party was prevented from asserting by the fraud, accident, or wrongful act of his opponent or by official mistake; and (3) the party was prevented from asserting the meritorious defense through no fault or negligence on his part. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex.2004). A defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third. *Id.* at 96–97.

■ The rules of civil procedure provide a mandatory forty-five day notice of a trial setting in contested cases. TEX.R. CIV. P. 245. It is a violation of due process to go to trial without providing the answering defendant with notice of the trial setting. *Lorentzen v. Kliesing*, 810 S.W.2d 16, 19 (Tex.App.-Houston [14th Dist.] 1991, no writ).

The trial court found that the Davises did not receive notice of the garnishment trial. In their verified petition for equitable bill of review, the Davises stated that they did not receive any notice of the trial setting for September 29, 2003 from either Ramsey or the district clerk of Collin

County. At the hearing on the bill of review proceeding, Jeffrey Davis testified that he did not receive notice of the trial setting of the garnishment proceeding. In light of this evidence, we conclude the trial court did not abuse its discretion in finding that the Davises did not receive notice of the trial setting and granting the bill of review. We overrule Ramsey's third issue.

## Wrongful Garnishment

In his first issue, Ramsey contends the trial court erred in granting judgment in favor of the Davises on their wrongful garnishment claim. One of his arguments is that there is no evidence of damages recoverable for wrongful garnishment. We agree.

Garnishment is a statutory proceeding, governed by chapter 63 of the Civil Practice and Remedies Code and rules 657 through 679 of the Rules of Civil Procedure. TEX. CIV. PRAC. & REM.CODE ANN. § 63.001 (Vernon 1997); TEX.R. CIV. P. 657–679. In a garnishment proceeding, a garnishor sues a third party, the garnishee, to have the property, money, or credits of a debtor that are in the garnishee's possession applied to the payment of a debt owed to the garnishor. *See Bank One, Tex., N.A. v. Sunbelt Sav., F.S.B.,* 824 S.W.2d 557, 558 (Tex.1992); *HTS Servs., Inc. v. Hallwood Realty Partners, L.P.,* 190 S.W.3d 108, 112 (Tex.App.-Houston. [1st Dist.] 2005, no pet.). The garnishor may enforce against the garnishee any rights the debtor could have enforced had he sued the garnishee directly. *HTS Servs., Inc.,* 190 S.W.3d at 112. The primary issue in a garnishment suit is whether the garnishee is indebted to, or has in its possession effects belonging to the debtor. *Id.*

Damages for wrongful garnishment include recovery of the improperly garnished funds. *See Beutel v. Paul,* 741

S.W.2d 510, 513 (Tex.App.-Houston [14th Dist.] 1987, no writ). Other damages are recoverable for wrongful garnishment if they are the result of being denied access to the garnished funds. *See Id.* (garnishee recovered as damages garnished funds and damages for business investment unable to maintain because he had no access to garnished funds); *Aetna Casualty & Sur. Co. v. Raposa,* 560 S.W.2d 106, 111 (Tex.Civ. App.-Fort Worth 1977, writ dism'd by agr.) (unable to pay fire insurance proceeds to bank because proceeds had been garnished by builder).

None of the Davises' funds were actually garnished. Thus, there are no garnished funds to recover. Rather, the Davises sought damages attributable only to the cloud on the title to the Edgewater home caused by the abstract of judgment. Because none of the Davises' funds were garnished, we conclude there is no evidence to support damages for wrongful garnishment. Thus, the trial court erred in awarding damages for wrongful garnishment. We sustain Ramsey's first issue.

## Slander of Title

In his second issue, Ramsey contends the trial court erred in granting judgment and awarding damages on the Davises' claim for slander of title. To establish slander of title, a party must allege and prove that the defendant, with legal malice, published disparaging words about the plaintiff's title to property that were false and resulted in the loss of a specific sale. *Preston Gate, L.P. v. Bukaty,* 248 S.W.3d 892, 896 (Tex.App.-Dallas 2008, no pet.). For purposes of slander of title, malice means deliberate conduct without reasonable cause. *Duncan Land & Exploration, Inc. v. Littlepage,* 984 S.W.2d 318, 331–32 (Tex.App.-Fort Worth 1998, pet. denied).

■ The refusal to release a lien created by an abstracted judgment on a homestead which results in a loss of a sale can constitute slander of title. *See Tarrant Bank v. Miller*, 833 S.W.2d 666, 667 (Tex. App.-Eastland 1992, writ denied). Damages for slander of title include the amount of money the seller would have realized if the sale had been consummated and the amount of additional payments made due to the loss of the sale. *See id.* at 669.

■ The question we must first determine is whether the Edgewater property was the Davises' homestead on the date that Ramsey filed the abstract of judgment. If its abstract of judgment was filed during a time in which the Edgewater property was the Davises' homestead, the Edgewater property was protected from Ramsey's lien. *See* TEX. CONST. art. XVI, § 50.

■ Possession and use of real estate by one who owns it and resides upon it with his family makes it the homestead of the family in law and in fact. *Garrard v. Henderson*, 209 S.W.2d 225, 230 (Tex. Civ.App.-Dallas 1948, no writ). To establish homestead rights, a party must show overt acts of homestead usage, and an intention to claim the property as homestead. *Lifemark Corp. v. Merritt*, 655 S.W.2d 310, 314 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.). A party cannot have two homesteads at the same time. *Silvers v. Welch*, 127 Tex. 58, 62, 91 S.W.2d 686, 687 (1936). Once property has been dedicated as homestead, it can only lose such designation by abandonment, alienation, or death. *Garrard*, 209 S.W.2d at 229. When a person establishes a new homestead, he abandons his old

homestead as a matter of law. *Silvers*, 91 S.W.2d at 687–88.

The evidence in this case shows that the Davises lived in the Kentwood home prior to and during the construction of the Edgewater home. The Davises sold the Kentwood home and moved into the Edgewater home in June of 2003. While living in the Kentwood home, the Davises claimed a homestead exemption. When they sold that property and moved into their new home, they abandoned the homestead for the Kentwood home. *See Silvers*, 91 S.W.2d at 687–88.[1] Moreover, when the Davises moved into the Edgewater home, that property became their homestead. *See Lifemark Corp.*, 655 S.W.2d at 314. Ramsey filed the abstract of judgment against the Davises' homestead. As such, the filing did not create a valid lien against the Edgewater home.

As to evidence that the Davises lost the sale of the Edgewater home because of the cloud on the title caused by the abstract of judgment, Bryan Crutcher testified that he and his wife had a contract to purchase the Davises' home. They cancelled the purchase contract because of the judgment lien filed against the home. Jeffrey Davis likewise testified that the Crutchers cancelled the purchase contract because of the cloud on the title.

Ramsey also argues there is legally and factually insufficient evidence to support the required element of malice. We disagree. The evidence at trial showed that Ramsey received letters from two attorneys advising him that the Edgewater property was the Davises' homestead. Subsequently, Betty Peacock, branch manager for the title company that prepared

1. We note that Ramsey relies upon Collin County records that show the Davises maintained the homestead exemption on the Kentwood home through 2003 and did not file for a homestead exemption on the Edgewater home until December of 2003. The pertinent law set forth in this opinion, however, reveals that county records are not determinative of homestead status. *See Lifemark Corp.*, 655 S.W.2d at 314.

the closing documents for the attempted sale to the Crutchers, testified that she called Ramsey and asked him to release the lien. He responded that he would release the lien "when I get my money." Ramsey denied that Peacock contacted him about releasing the lien. He testified that another person from the title company contacted him and he told her to contact his lawyer. We hold that the evidence that Ramsey knew the property was the Davises' homestead and his response to the request to release the lien is some evidence that his refusal to release the lien was wilful and malicious.

As to damages, Peacock testified that, if the sale had closed, the Davises would have received proceeds in the amount of $32,546.24. That amount includes payment of the judgment lien. If the lien had been released, the Davises would have realized $99,220.64 from the sale of the home to the Crutchers. Jeffrey Davis also testified that, as a result of the lost sale, he has paid $50,017 in monthly payments. We hold that the evidence as to damages is factually sufficient to support the trial court's award of $20,000 for slander of title. We overrule Ramsey's second issue.

We reverse the trial court's judgment on the wrongful garnishment claim and render judgment that the Davises take nothing on that claim. In all other respects, we affirm the trial court's judgment.