**Reverse and Render in part; Affirm and Opinion Filed July 26, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00774-CV

**BONNIE ALLEN-PIERONI, Appellant**
**V.**
**MARC JOHN PIERONI, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-02065-2014**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Bridges, and Justice Lang
Opinion by Justice Bridges

Bonnie Allen-Pieroni appeals the trial court's judgment declaring Marc Pieroni's homestead free and clear of any lien filed by Bonnie and awarding Marc $98,438 in damages and $41,982 in attorney's fees. In four issues, Bonnie argues the trial court erred in (1) awarding Marc attorney's fees because his pleadings did not seek declaratory judgment; (2) applying the wrong measure of damages for slander of title; (3) awarding damages to Marc for slander of title because there was no evidence or insufficient evidence to show Bonnie acted with malice; and (4) denying Bonnie a fair trial by imposing time limits at trial. We reverse the trial court's award of attorney's fees and render judgment that Marc take nothing on his claim for attorney's fees. In all other respects, we affirm the trial court's judgment.

Bonnie and Marc were married for approximately ten years and divorced on September 11, 2009. Among other things, the divorce decree ordered Marc to pay Bonnie $10,000 per month for fifty months in exchange for Marc's being awarded the family business. The decree further ordered that the obligation to make these payments was a judgment in favor of Bonnie, but execution on the judgment was suspended while payments were being made or otherwise satisfied and not more than sixty days delinquent.

On March 31, 2010, Marc purchased a home in Collin County which he considered to be his homestead. On June 2, 2010, Bonnie filed with the Collin County District clerk an abstract of judgment reflecting the September 11, 2009 judgment was entered in favor of Bonnie against Marc for $500,000. Marc filed an application for residential homestead exemption on January 18, 2011.

On September 24, 2011, the trial court signed a memorandum in response to competing petitions for modification from Bonnie and Marc. Among other things, the memorandum imposed a permanent injunction enjoining Bonnie from "filing any abstract of judgment she has with respect to the remaining approximate sum of $220,000 owed to her on the $500,000 suspended judgment referenced in the decree of divorce, without first filing an appropriate motion showing cause by sworn affidavit why an abstract should be filed, and attaching the proposed exact form of abstract she seeks permission to file, and obtaining relief from the Court on that motion." Marc was never more than sixty days delinquent in making the $10,000 per month payments, and he paid Bonnie the full $500,000.

In March 2014, Marc entered into a contract to sell the home, and the sale was scheduled to close on or about May 1, 2014 for a sale price of $285,000. At the time, the mortgage balance on the home was $205,000. In preparing for the closing, Marc learned for the first time of the June 2010 abstract of judgment. The title company and Marc's attorney called Bonnie to request

that she release the lien, but she refused. Because of the abstract of judgment filing, Marc was unable to close on the sale of the home. At the same time, Marc was obligated to close on the purchase of a new home which he had contracted to purchase after entering into the contract to sell his home in March 2014.

On May 30, 2014, Marc filed a lawsuit against Bonnie seeking to quiet title and asserting a cause of action for slander of title. Under the heading "Count One: Suit to Quiet Title," the petition asked the trial court to "declare that Marc's interest in the subject property is free and clear of any lien by Bonnie." In addition, Marc sought actual and exemplary damages and attorney's fees. Marc's original petition described Marc's obligation under the divorce decree to pay $10,000 per month for fifty months and Bonnie's filing of an abstract of judgment creating "a lien on all property owned by Marc in Collin County, Texas." The petition alleged that, "[u]nbeknownst to Marc, the moment he purchased the [subject] Property, the lien created by the Abstract of Judgment immediately encumbered the Property." When Marc contracted to sell the property and discovered the abstract of judgment, the title company drafted a release of judgment lien that Marc's attorney delivered to Bonnie. The petition alleged Bonnie emailed Marc's attorney on April 30, 2014 and said "she would not be signing the Release of Judgment Lien" because "Marc had not paid her the full $500,000.00 as required by the divorce decree." The petition alleged Marc had paid in full by that time. However, Bonnie refused to sign the release, and the purchasers of the property refused to close. At the time of the filing of the petition, it alleged, Marc still owned the property. The petition asserted causes of action for suit to quiet title and slander of title.

At a trial before the court in March 2015, Marc presented evidence he had incurred $98,438.28 in actual damages from the loss of the sale of the property and payments and expenses associated with the property following the lost sale and $41,982 in attorney's fees.

Bonnie, who represented herself at trial, testified Marc still owed $63,000 in "deficiencies" in the $10,000 payments awarded in the divorce decree. Bonnie testified some of the deficiencies were "self-help, where Marc just didn't pay [her] at his leisure; and others were when the courts had wrongfully redistributed [her] marital assets." The trial court asked Bonnie to clarify which payments were missed. Bonnie presented a spreadsheet showing payments made from July 2009 through June 2012, and claimed a $63,416.70 balance remained unpaid. Bonnie's testimony in response to the trial court's request for clarification amounted to a month-by-month recitation of what the spreadsheet showed. Bonnie did not address what payments Marc did or did not make after June 2012. Bonnie's testimony concerning the spreadsheet came to an end when the trial court informed her she was out of time. She did not object.

Marc's attorney cross-examined Bonnie concerning an affidavit she had introduced into evidence earlier. The affidavit was sworn to by Rex Billings, chief financial officer of Marc's company, and stated Billings prepared the checks each month for the payments Marc owed to Bonnie. Attached to Billings's affidavit was an accounting of all payments made by Marc to Bonnie, showing a total of $500,000 paid between July 2009 and August 2013. Marc's attorney cited the deficiencies on Bonnie's spreadsheet and compared them with corresponding payments marked "Repayment to BC" on the accounting. Bonnie conceded she saw that the deficiencies she claimed corresponded with the "Repayment to BC" payments. As Marc's counsel proceeded with this line of questioning, the trial court once again informed counsel that time was up. Bonnie asked if there was "any other testimony that [she could] share," and the trial court responded as follows:

> No. Because that's what I kept telling you, don't waste your time, because I wanted to make sure you had time to tell me what you wanted to tell me. And you ignored me and started asking questions about who was late picking up kids, and that sort of thing, which aren't relevant to money issues.

–4–

In his argument, Marc's attorney stated Marc was "trapped with two homes" and argued the lien created by the abstract of judgment should not apply to either the subject property or Marc's second home. Marc's attorney stated, "we'd like the suit for quiet title" and "judgment for defamation of title." On March 16, 2015, the trial court entered final judgment decreeing that the subject property was free and clear of any lien filed by Bonnie, including the abstract of judgment, and awarding $98,438 in actual damages and $41,982 in attorney's fees.

The trial court also entered findings of fact that the subject property was Marc's homestead; Bonnie filed an abstract of judgment which she was not authorized to file; Bonnie refused with malice to release the judgment lien; as a result of her refusal, Marc was unable to close on the sale of the property; Marc was entitled to damages arising out of the loss of the sale and ongoing costs associated with the property; and Marc incurred reasonable and necessary attorney's fees of $41,982. The trial court also entered conclusions of law that Bonnie's claim of lien was invalid and unenforceable; Marc was entitled to judgment quieting title in the property; Marc was "also entitled to his necessary and reasonable attorneys' fees in this matter for obtaining a judgment quieting title in the Property"; Bonnie, by filing the judgment lien and refusing to release it when asked, had "uttered and published a disparaging statement regarding the title of a the [sic] Property"; Bonnie's statement was false when made; Bonnie made the statement maliciously; and Marc sustained special damages as a result of the malicious statement. This appeal followed.

In her first issue, Bonnie argues the trial court did not have authority to award attorney's fees in a suit for slander of title. Specifically, Bonnie argues Marc's pleadings did not present a cause of action seeking declaratory judgment, and no trial amendment was requested. Marc's pleading asserted a suit to quiet title and a cause of action for slander of title. Marc did not, in his pleading or at trial, assert a cause of action under the Texas Uniform Declaratory Judgments

–5–

Act that would have allowed the trial court to award reasonable and necessary attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). Moreover, "A declaratory judgment action may not be used solely to obtain attorney's fees that are not otherwise authorized by statute or to settle disputes already pending before a court." *Sani v. Powell*, 153 S.W.3d 736, 745 (Tex. App.— 2005, pet. denied) (quoting *S.W. Guar. Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 956 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)). Slander of title does not support the award of attorney's fees. *Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Lodging Grp., Inc.*, 301 S.W.3d 747, 757 (Tex. App.—El Paso 2009, pet. denied). Similarly, attorney's fees are not recoverable in a suit to quiet title or to remove a cloud on title. *Sani*, 153 S.W.3d at 745 (citing *S.W. Guar. Trust Co.*, 981 S.W.2d at 957). Under these circumstances, we conclude the trial court abused its discretion in awarding Marc attorney's fees on his suit to quiet title and slander of title claims. *See Elijah Ragira*, 301 S.W.3d at 757-58. Accordingly, we sustain Bonnie's first issue, reverse the award of attorney's fees, and render judgment that Marc take nothing on his claim for attorney's fees.

In her second issue, Bonnie argues the trial court applied the wrong measure of damages for slander of title by allowing recovery of the profit from one lost sale, plus mortgage payments, insurance payments, pool care, lawn maintenance, and utilities. Specifically, Bonnie argues Marc admitted he was leasing the property, and there was no proof of any ongoing or permanent reduction in market value of the property. In her third issue, Bonnie argues the trial court erred awarding damages to Marc for slander of title because there was no evidence or insufficient evidence to show Bonnie acted with malice.

To establish slander of title, a party must allege and prove that the defendant, with legal malice, published disparaging words about the plaintiff's title to property that were false and resulted in the loss of a specific sale. *Ramsey v. Davis*, 261 S.W.3d 811, 816 (Tex. App.—Dallas

–6–

2008, pet. denied). For purposes of slander of title, malice means deliberate conduct without reasonable cause. *Id.* The refusal to release a lien created by an abstracted judgment on a homestead which results in a loss of a sale can constitute slander of title. *Id.* at 817. Damages for slander of title include the amount of money the seller would have realized if the sale had been consummated and the amount of additional payments made due to the loss of the sale. *Id.*

Here, the evidence showed the final divorce decree obligated Marc to pay Bonnie $500,000 in fifty monthly payments of $10,000, ordered that this obligation was a judgment in favor of Bonnie, but suspended execution of the judgment while payments were being made. Nevertheless, Bonnie filed an abstract of judgment reflecting a $500,000 judgment. Marc paid Bonnie the entire $500,000 by August 2013. In March 2014, Marc entered into a contract to sell the property. When the abstract of judgment came to light, Bonnie refused to release the lien, and Marc was unable to close on the sale of the property as a result. Marc incurred $98,438.28 in actual damages from the loss of the sale of the property and payments and expenses associated with the property following the lost sale. Thus, the record shows Bonnie acted with legal malice in deliberately and without reasonable cause in refusing to release the judgment lien and causing Marc to lose the sale of the property. *See id.* at 816. Further, the damages awarded by the trial court were precisely the damages authorized for slander of title. *See id.* at 817. We overrule Bonnie's second and third issues.

In her fourth issue, Bonnie argues the trial court denied her a fair trial by imposing time limits at trial. Specifically, Bonnie argues that she, as a pro se litigant, "was denied a fair trial by the strict imposition of unreasonable time limits at trial." Pro se litigants are held to the same standards as licensed attorneys, and they must comply with applicable rules of procedure. *Audia v. Hannold*, 328 S.W.3d 661, 663 (Tex. App.—Dallas 2010, no pet.). Failure to object to time limits imposed by a trial court waives any error. *Brockie v. Webb*, 244 S.W.3d 905, 908 (Tex.

App.—Dallas 2008, no pet.). The record shows the trial court managed the trial so as not to waste time and, when Bonnie asked if there was "any other testimony that [she could] share," the trial court told her no. Bonnie did not object to any of the time limitations. Accordingly, she has failed to preserve this complaint for review. *See id.* We overrule Bonnie's fourth issue.

We reverse the trial court's award of attorney's fees and render judgment that Marc take nothing on his claim for attorney's fees. In all other respects, we affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


150774F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BONNIE ALLEN-PIERONI, Appellant

No. 05-15-00774-CV      V.

MARC JOHN PIERONI, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-02065-2014.
Opinion delivered by Justice Bridges. Chief Justice Wright and Justice Lang participating.


    In accordance with this Court's opinion of this date, the trial court's award of attorney's fees is **REVERSED** and judgment is **RENDERED** that:
    Marc John Pieroni take nothing on his claim for attorney's fees.
    In all other respects, the trial court's judgment is **AFFIRMED**.


    It is **ORDERED** that appellee Marc John Pieroni recover his costs of this appeal from appellant Bonnie Allen-Pieroni.


Judgment entered July 26, 2016.