Bonnie ALLEN-PIERONI, Petitioner,

v.

Marc John PIERONI, Respondent

No. 16-0900

Supreme Court of Texas.

Opinion delivered: December 15, 2017

Jared C. Inman, Jeffrey M. Travis, Travis Law Group, P.C., Dallas, TX, for respondent.

Emil Lippe, Jr., Law Offices of Lippe & Associates, Dallas, TX, for petitioner.

PER CURIAM

"Slander of title" consists of a "false and malicious statement made in disparagement of a person's title to property which causes special damages." *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.*, 223 S.W.3d 1, 20 (Tex. App.—El Paso 2005, pet. denied); *see also* 3 DAN B. DOBBS, PAUL T. HAYDEN & ELLEN M. BUBLICK, THE LAW OF TORTS § 656, at 617 (2d ed. 2011)

(describing the tort as a form of injurious falsehood in which the defendant casts doubt on the plaintiff's title). Special damages are simply economic damages. *In re Lipsky*, 460 S.W.3d 579, 592 n.11 (Tex. 2015). In this appeal from a slander-of-title judgment, the parties dispute how the special or economic damages should be measured.

The trial court awarded damages based in part on the difference between the disparaged property's contract price and the owner's mortgage balance—the amount the property owner would have received from the property's sale but for the defendant's disparagement of his title. The court of appeals affirmed. —— S.W.3d ——, 2016 WL 4039192 (Tex. App.—Dallas 2016) (mem. op.). We disagree that this measure represents the plaintiff's economic loss and accordingly reverse.

The parties are Marc Pieroni and his ex-wife, Bonnie Allen-Pieroni. They divorced on September 11, 2009, after ten years of marriage. In the divorce, Marc was awarded the family business. Bonnie was awarded $500,000, payable in monthly installments of $10,000, which Marc dutifully paid.

About six months after the divorce, Marc purchased a new home in Collin County. Bonnie subsequently recorded in the county property records an abstract of judgment that reflected Marc's $500,000 debt from the divorce decree. The abstract created an ostensible lien on Marc's property. *See* TEX. PROP. CODE § 52.001 (providing that a properly recorded and indexed abstract of judgment creates a lien on the judgment debtor's non-exempt real estate in the county). Marc did not discover the abstract of judgment until years later. Unfortunately, the discovery came while he was preparing to close on the sale of the Collin County property. That sale fell through after Bonnie refused to release her lien. And because Marc had agreed to purchase another home, he ended up owning two. The Collin County property remained vacant for seven months while Marc looked for a tenant.

After the property's aborted sale, Marc sued Bonnie to quiet title and for damages, asserting an equitable action to remove her lien and a tort action for slander of title. A bench trial ensued. In the end, the court rendered judgment for Marc, removing the cloud on his title and awarding him damages of $98,438 and attorney's fees.

In its findings of fact, the trial court determined that Marc would have netted $80,000 from the property's sale had Bonnie's invalid lien not cost him that opportunity. The $80,000 gain was based on the property's contract price of $285,000 less Marc's remaining mortgage balance of $205,000. The court also found that Bonnie's slander caused Marc to incur additional expenses of $18,438 during the period the property was vacant. The trial court then calculated Marc's damages to be $98,438 by adding together Marc's equity in the home and his out-of-pocket expenses.

The court of appeals reversed the award of attorney's fees but otherwise affirmed the trial court's judgment. —— S.W.3d at ——, 2016 WL 4039192. To support its conclusion that the profit Marc would have made from the sale was an appropriate measure of damages, the court cited *Ramsey v. Davis*, 261 S.W.3d 811 (Tex. App.—Dallas 2008, pet. denied). *Ramsey*, another slander-of-title case decided by the court, stated in *dicta* that the measure of "[d]amages for slander of title include[s] the amount of money the seller would have realized if the sale had been consummated and the amount of additional payments made due to the loss of the sale." *Id.* at 817.

Although Bonnie does not complain about the award of Marc's out-of-pocket expenses, she does contend that the

$80,000 award, representing the difference between the contract price and Marc's loan balance at the time of the frustrated sale, was erroneous and contrary to the measure of damages approved by this Court in *Reaugh v. McCollum Exploration Co.*, 139 Tex. 485, 163 S.W.2d 620 (1942). We agree and remand in accordance with Bonnie's prayer for relief.

The law does not presume damages as a consequence of slander of title; rather, the plaintiff must prove special damages. *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983). Special damages exist when the plaintiff can show the loss of a specific, pending sale that was frustrated by the slander. *A.H. Belo Corp. v. Sanders*, 632 S.W.2d 145, 146 (Tex. 1982). But the seller's lost profit from the sale is not the relevant measure of those damages. Instead, in a case in which the plaintiff still owns the property at the time of trial, the amount of actual damages caused by the slander is generally the difference between the contract price (the amount the plaintiff would have received but for the defendant's title disparagement) and the property's market value at the time of trial with the cloud removed. *Reaugh*, 163 S.W.2d at 622. In *Reaugh*, we adopted this measure, quoting in support a Restatement comment we found directly on point:

> (d) Extent of loss, how proved. The extent of the pecuniary loss caused by the prevention of a sale is determined by the difference between the price which would have been realized by it and the salable value of the thing in question after there has been a sufficient time following the frustration of the sale to permit its marketing. The depreciation of the thing from any cause after such time has elapsed is immaterial.

*Id.* (quoting RESTATEMENT OF TORTS § 633, cmt. d) (1938).

Marc concedes that the record contains no evidence of the slandered property's market value at the time of trial, but contends that Bonnie had the burden to prove such value in mitigation of his damages. But what special damage was she to mitigate? Like the court of appeals, Marc presumes that Bonnie's disparagement of his title caused him an economic loss, but there is no evidence of this: no evidence exists that Marc's property was worth less than the previous contract price at the time of trial or that Bonnie's invalid lien had any continuing effect on the property's value or marketability following its removal. As the party seeking affirmative relief, Marc had the burden to prove these damages. *See Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 482 (Tex. 1984) (noting that the burden of persuasion rests on the party seeking affirmative relief to establish each element of its claim).

Because the damages awarded for slander of title were based in part on an erroneous measure and unsupported by the evidence, we reverse the court of appeals' judgment and, without hearing oral argument, remand the cause to the trial court for further proceedings consistent with our opinion. TEX. R. APP. P. 59.1.