**Opinion filed May 8, 2025**



In The

# Elebenth Court of Appeals

_____

## No. 11-23-00109-CV
_____

**HORIZONTAL DEVELOPMENT PARTNERS, LLC, Appellant**

**V.**

**ENDEAVOR ENERGY RESOURCES, LP, Appellee**

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CV59132**

## O P I N I O N

In 2020, Endeavor Energy Resources, LP (Endeavor) submitted three requests for drilling permits to the Texas Railroad Commission. As a part of each application, Endeavor described its alleged mineral interests in certain lands in Reagan County. Horizontal Development Partners, LLC (Horizontal) claims that the descriptions of Endeavor's mineral interests in the applications contain false statements, and that Horizontal is the true owner of some of the interests that Endeavor claims to own.

Horizontal further claims that, as a result of the allegedly false statements, it was unable to complete a transaction involving a sale of the same interests to Tombstone GP, LLC (Tombstone).

After its deal with Tombstone fell apart, Horizontal filed suit against Endeavor in Midland County. In response, Endeavor filed an answer and a motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2020 & Supp. 2024). The trial court granted Endeavor's motion and dismissed Horizontal's claims. Horizontal now appeals, challenging the trial court's order.

We conclude that the trial court properly dismissed Horizontal's claims in accordance with the requirements of the TCPA and affirm the order and final judgment of the trial court.

*Factual and Procedural Background*

The statements at issue were made in drilling permits that Endeavor submitted to the Texas Railroad Commission in connection with three tracts that sit side-by-side. The record includes a survey of the area that illustrates the layout of the tracts as follows:



2

Endeavor owns and operates leaseholds on all three tracts, while Horizontal's rights are limited to tract two. Specifically, Horizontal owns the right to drill at 8,385 feet and below in tract two, while Endeavor owns the remaining mineral rights on all three tracts. Thus, as illustrated by Endeavor, the parties' ownership rights are as follows:



Each of the applications at issue include information that is set out on Railroad Commission Form P-16. In each of these forms, Endeavor stated that it owned "all or an undivided portion of the minerals" under each of the three tracts and that it possessed "the legal right to drill on each tract." Additionally, the applications indicated that the "completion depth" for each of the wells would be 9,800 feet.

While the nature of each party's interests is not in dispute, Horizontal maintains that the applications falsely represented that Endeavor owned leaseholds below 8,385 feet in tract two (the deep rights). Endeavor, on the other hand, maintains that the applications correctly describe its ownership interests.

On November 20, 2020, Horizontal and Tombstone entered into a purchase and sale agreement in which Tombstone agreed to pay Horizontal $1,040,000 for its

3

interest in tract two. Thereafter, on December 16, 2020, Tombstone notified Horizontal that it was terminating the agreement. In the letter terminating the agreement, Gary Bolen—who was Tombstone's president—stated that Tombstone had "looked on the Railroad Commission website," which showed "that Endeavor has permitted three horizontal wells [across the three tracts] with a completion depth of 9,800 feet." He then stated that, because Tombstone did not "think that Endeavor would permit wells at depths they don't own some interest in," Tombstone had concluded that "Endeavor owns or is claiming to own rights at least down to 9,800 feet."

After it received Tombstone's letter, Horizontal sued Endeavor for slander of title, and Endeavor filed a motion to dismiss under the TCPA. The trial court granted the motion and signed a final order dismissing Horizontal's claims, and later signed a final judgment awarding attorneys' fees to Endeavor.

*The TCPA*

The legislature enacted the TCPA "to safeguard 'the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law'" while, at the same time, protecting a person's right "to file meritorious lawsuits for demonstrable injury." *Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 847 (Tex. 2021) (quoting CIV. PRAC. & REM. § 27.002).

To effectuate this dual purpose, the TCPA employs a three-step process to determine whether a lawsuit or claim is subject to dismissal. *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). First, the movant must demonstrate by a preponderance of the evidence that a legal action is based on, or in response to, the movant's exercise of one of three rights protected by the statute: (1) the right of free speech, (2) the right to petition, or (3) the right of association. CIV. PRAC. & REM.

4

§§ 27.003(a), .005(b); *see also Montelongo*, 622 S.W.3d at 296; *Eichner v. Ocwen Fin. Corp.*, No. 05-24-00426-CV, 2025 WL 642380, at *2 (Tex. App.—Dallas Feb. 27, 2025, no pet.) (noting that the amendments to the TCPA did not change the preponderance of the evidence burden established by *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (citing *Brenner v. Centurion Logistics LLC ex rel. Centurion Pecos Terminal LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at *3 (Tex. App.—Dallas Dec. 14, 2020, pet. denied) (mem. op.))). Next, if the movant makes this showing, the burden shifts to the nonmovant to establish by "clear and specific evidence" a prima facie case for each essential element of the claim in question. CIV. PRAC. & REM. § 27.005(c); *Montelongo*, 622 S.W.3d at 296. Finally, even if the nonmovant meets that burden, the trial court is required to dismiss the legal action if the movant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." CIV. PRAC. & REM. § 27.005(d).

In this instance, Endeavor did not attempt to establish an affirmative defense to the challenged claim. Accordingly, Step Three is not applicable and we address Steps One and Two only.

"We review de novo the trial court's ruling on a TCPA motion to dismiss and the question of whether the parties satisfied their respective burdens as set out in the TCPA." *Rossa v. Mahaffey*, 594 S.W.3d 618, 624 (Tex. App.—Eastland 2019, no pet.).

*Step One: Protected Right*

Endeavor maintains that its application is protected under the TCPA because it implicates the right to petition. In its second issue, Horizontal argues that the trial court erred when it determined its claims against Endeavor were based on or in

response to that right.  In connection with its assignment of error, Horizontal makes three arguments.

A. *"Redress of Grievances"*

In its first argument, Horizontal asserts that Endeavor's claims are not based on the right to petition because they do not seek a "redress of grievances." Horizontal maintains that the TCPA is based on our federal and state constitutions, and that under those constitutions, the "right to petition" is limited to petitions "for [a] redress of grievances."  U.S. CONST. amend. I; *see also* TEX. CONST. art. I, § 27. Horizontal then argues that Endeavor's drilling permits are not a petition for the redress of a grievance, and that it is therefore not an exercise of the right to petition.

Horizontal's constitutional argument is not supported by the applicable legal authority.  First, the right to petition under the federal constitution is not as restrictive as Horizontal suggests.  "The right to petition allows citizens to express their ideas, hopes, and concerns to their government and their elected representatives." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 388 (2011).   Under this rubric, "government" includes "administrative agencies (which are both creatures of the legislature, and arms of the executive)."  *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

In this instance, Endeavor was not free to commence drilling operations without the appropriate permits.  *See* 16 TEX. ADMIN. CODE § 3.5(c) (2025) (Tex. R.R. Comm'n, Application To Drill, Deepen, Reenter, or Plug Back) ("Operations of drilling . . . shall not be commenced until the permit has been granted by the commission.").  As such, its request to engage in activity that was otherwise prohibited by law was arguably a request to redress a grievance.

Likewise, in describing the "right to petition," our state constitution is much broader than Horizontal indicates.  It includes not only the right to "apply to those

6

invested with the powers of government for redress of grievances," but also the right to "apply to those invested with the powers of government for . . . other purposes." TEX. CONST. art. I, § 27. As such, even if it were unclear that Endeavor's applications were directed at a "redress of [a] grievance[]," they would still qualify as a petition under the Texas constitution because they are requests that are addressed to our government for "other purposes." *Id.*

Finally, while the TCPA's definition of the "right to petition" includes the rights that are enumerated in our federal and state constitutions, it is not limited to those rights. *See* CIV. PRAC. & REM. § 27.001(4). The TCPA's definition of "[e]xercise of the right to petition" also includes, among other things, a "proceeding before a department of the state . . . government." *Id.* § 27.001(4)(A)(iii); *see also Consultants in Pain Med., PLLC v. Ellen Boyle Duncan, PLLC*, 690 S.W.3d 739, 754–55 (Tex. App.—San Antonio 2024, pet. denied) (A letter from a Medicaid contractor to a pain clinic was part of an administrative claims review process, and therefore part of a proceeding before a department of the state government under Section 27.001(4)(A)(iii).). Likewise, it includes "a communication in connection with an issue under consideration or review by a . . . governmental body." CIV. PRAC. & REM. § 27.001(B). Neither of these definitions restrict the "right to petition" to a "redress of grievances." Instead, they apply to a broad array of communications to or with our state government, including the applications for drilling permits that are at issue in this case.

B. *"Conduct" vs. Speech*

Horizontal also argues that its claims concern Endeavor's conduct, not its speech. "[W]hen a claim does not allege a communication, and is instead based on a defendant's conduct, the TCPA is not implicated." *Pacheco v. Rodriguez*, 600 S.W.3d 401, 410 (Tex. App.—El Paso 2020, no pet.); *see also Davis v. Gulf Coast*

*Auth.*, No. 11-19-00309-CV, 2020 WL 5491201, at \*8 (Tex. App.—Eastland Sept. 11, 2020, no pet.) (mem. op.); *Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 798–99 (Tex. App.—Fort Worth 2018, pet. denied).

In resolving the question of whether an allegation involves a communication or mere "conduct," we may consider affidavits filed by the parties and the evidence a court could consider under Rule 166a of the Texas Rules of Civil Procedure. *Smith*, 565 S.W.3d at 797; *see* CIV. PRAC. & REM. § 27.006(a); *see also* TEX. R. CIV. P. 166a. However, a party's pleadings are "the best and all-sufficient evidence' of the nature of its claim." *Smith*, 565 S.W.3d at 797 (quoting *Hersh*, 526 S.W.3d at 467); *see also Guardianship of Workman*, 670 S.W.3d 414, 421 (Tex. App.—Eastland 2023, pet. denied); *Davis*, 2020 WL 5491201, at \*8. Thus, we ultimately look to Horizontal's pleadings to determine the nature of its claims. *See, e.g.*, *Smith*, 565 S.W.3d at 797–98.

In this instance, Horizontal has asserted a cause of action for slander of title. In connection with its allegations for slander of title, Horizontal explicitly stated that its cause of action was based on "the malicious uttering and publishing of false and disparaging statements regarding title." Horizontal likewise indicated that its claim of legal malice must be based on "making a false statement . . . regarding title." It then went on to allege that Endeavor "uttered and published false statements" that disparaged its title.

In its brief on appeal, Horizontal attempts to paint its claims in a different light, stating that its claims are based on Endeavor's actions when it "improperly obtained a drilling permit . . . which prevented Horizontal from enjoying its mineral estate." Horizontal's use of the phrase "improperly obtained" glosses over its allegation of *how* the permit was obtained—that is, by way of the alleged false and disparaging statements that are explicitly set out in Horizontal's pleadings.

Likewise, Horizontal's own briefing in this case highlights that its claims are based on Endeavor's alleged statements. Among other things, Horizontal's briefing argues that it established a prima facie case against Endeavor by showing that Endeavor uttered and published false information in the drilling permits. As such, we see no indication in Horizontal's pleadings and other arguments that its claims are based on mere conduct.

C. *Nondisclosure vs. Disclosure*

Horizontal also argues that its claim is based on a "failure to disclose information," rather than a communication. In support of this argument, Horizontal points to Endeavor's briefing before the trial court, in which it alleged that "the applications were silent as to the ownership of the mineral estate." Quoting *Pacheco*, Horizontal reasons that Endeavor's position must therefore be that "[a]t best, the only speech related issue is the failure to speak."[1] 600 S.W.3d at 410. Horizontal then argues that, because *Endeavor* maintains that Horizontal's claim is based on nondisclosure rather than disclosure, the TCPA does not apply. *Id.* ("[A]n allegation that a defendant was negligent by remaining silent--failing to disclose information to the plaintiff--is not considered a 'communication' within the meaning of the TCPA.").

Horizontal's reliance on Endeavor's defenses to its case is misplaced. A defendant may respond to a plaintiff's claim for slander of title by asserting a defense that the alleged slander is actually a nondisclosure. However, "[t]he basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Hersh*, 526 S.W.3d at 467. Horizontal's pleadings plainly allege that Endeavor "uttered and published false statements." This is not an

---

[1]Horizontal denies that it has made this argument.

9

allegation of nondisclosure. As such, we reject Horizontal's argument that its claim is based on a nondisclosure.

### D. *Conclusion*

We conclude that Horizontal's claims are based on allegations that implicate Endeavor's right to petition.[2] Accordingly, we overrule Horizontal's second issue.

*Step Two: Prima Facie Case*

In its first issue, Horizontal complains that the trial court erred when it determined that Horizontal had not established a prima facie case under the TCPA.

To satisfy its prima facie burden under the TCPA, a movant must produce "clear and specific" evidence in support of each of its causes of action. CIV. PRAC. & REM. § 27.005(c). The burden is not stringent. Under the Act, "prima facie" is the "minimum quantum of evidence [that is] necessary to support a rational inference that the allegation of fact is true." *USA Lending Grp., Inc. v. Winstead PC*, 669 S.W.3d 195, 200 (Tex. 2023) (quoting *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018)). Evidence is considered to be "clear and specific" if it provides sufficient detail to show the factual basis for the claim that is asserted. *Id.* (citing *In re Lipsky*, 460 S.W.3d 579, 590–91 (Tex. 2015)). Thus, the movant "'must provide enough detail to show the factual basis for its claim' and must provide enough evidence 'to support a rational inference that the allegation of fact is true.'" *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019)

---

[2]At oral argument, counsel for Horizontal also argued that the TCPA does not apply because the drilling permits qualify as commercial speech for purposes of the TCPA's commercial speech exemption. *See* CIV. PRAC. & REM. § 27.010(a)(2) (The TCPA "does not apply to . . . a legal action brought against a person primarily engaged in the business of selling . . . services, if the statement or conduct arises out of the sale . . . of . . . services . . . in which the intended audience is an actual or potential buyer or customer."). Although this issue was raised in the trial court, it was not addressed in Horizontal's brief. Accordingly, we do not consider it on appeal. *See Horne v. Atmos Energy Corp.*, No. 11-22-00325-CV, 2024 WL 4795278, at *3 (Tex. App.—Eastland Nov. 15, 2024, no pet.) (mem. op.) ("If a party fails to adequately brief an issue . . . he waives that issue on appeal.").

(quoting *Lipsky*, 460 S.W.3d at 590–91); *see also* CIV. PRAC. & REM. § 27.005(c); *Stallion Oilfield Servs. Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 214 (Tex. App.—Eastland 2019, pet. denied). In determining whether a legal action should be dismissed, the TCPA requires that we consider the evidence presented by the parties, as well as the pleadings. CIV. PRAC. & REM. § 27.006(a). We are also mindful that a TCPA motion to dismiss is not a trial on the merits and is not intended to be a substitute for either a trial or the summary judgment proceeding established by the Texas Rules of Civil Procedure. *Stallion*, 592 S.W.3d at 215.

"'Slander of title' consists of a 'false and malicious statement made in disparagement of a person's title to property which causes special damages.'" *Allen Pieroni v. Pieroni*, 535 S.W.3d 887, 887 (Tex. 2017) (quoting *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.*, 223 S.W.3d 1, 20 (Tex. App.—El Paso 2005, pet. denied)). In this instance, among other things, the parties' clash over whether Horizontal offered prima facie evidence of (a) whether the drilling permits falsely claimed that Endeavor owned the deep rights in tract two and (b) whether Endeavor acted with malice. *See Marrs*, 223 S.W.3d at 20.

A. *Falsity*

At trial, Horizontal would bear the burden of proving that the drilling permits contained false statements.[3] *Bombardier Aerospace Corp. v. SPEP Aircraft Holdings, LLC*, 572 S.W.3d 213, 221 (Tex. 2019) ("[P]laintiffs have the burden of proof to establish their case by a preponderance of the evidence."). As such, in

---

[3]Causes of action for slander of title are unlike causes of action for defamation, in which the statement in question is usually presumed to be false unless the defendant proves otherwise. *See, e.g.*, *Cummins v. Bat World Sanctuary*, No. 02-12-00285-CV, 2015 WL 1641144, at *10 (Tex. App.—Fort Worth Apr. 9, 2015, pet. denied) (mem. op.) (per curiam) ("[N]either the United States Supreme Court nor the Supreme Court of Texas has required a private plaintiff to prove the falsity of defamatory statements in suits against nonmedia defendants, even when the statements are on matters of public concern.") (emphasis omitted).

response to the TCPA motion, Horizontal was required to provide prima facie evidence of falsity. Civ. Prac. & Rem. § 27.005(c).

The central issue is whether the drilling permits made a claim that Endeavor owned the deep rights in tract two (as illustrated above). Horizontal argues that, when Endeavor applied for permits to drill at a "Total Depth" of 9,800 feet, it was effectively claiming ownership of those rights. However, the Railroad Commission form at issue, Form P-16, provides at the top of it that: "Filer is the owner or lessee, or has been authorized by the owner or lessee, of all or an undivided portion of the mineral estate under each tract for which filer is listed as operator below." Thus, by completing the forms, Endeavor did not state that it owned *all* of the rights in any of the tracts. Instead, it indicated that Endeavor owned "all or an undivided portion of the *mineral estate*" under each of the tracts. Furthermore, while the Railroad Commission's digital forms required Endeavor to list a completion depth, they did not require Endeavor to indicate whether such a completion depth applied to one, two, or all three of the tracts at issue. Because Endeavor had deep rights in tracts one and three, it could properly seek a completion depth of 9,800 feet on the Railroad Commission's forms.

We conclude that Horizontal has failed to provide prima facie proof that Endeavor made false statements in the drilling permits.

B. *Malice*

Endeavor also argues that Horizontal has failed to set out a prima facie case for malice. In the context of slander of title, "malice" means "deliberate conduct without reasonable cause." *Allen-Pieroni v. Pieroni*, 538 S.W.3d 631, 636 (Tex. App.—Dallas 2016), *rev'd on other grounds*, 535 S.W.3d 887 (Tex. 2017); *see also Duncan Land & Expl., Inc. v. Littlepage*, 984 S.W.2d 318, 332 (Tex. App.—Fort Worth 1998, pet. denied). Thus, "[a] claim of title does not constitute malice where

the claim is made under color of title or upon reasonable belief that [the party has] title to the property acquired." *Storm Assocs., Inc. v. Texaco, Inc.*, 645 S.W.2d 579, 588 (Tex. App.—San Antonio 1982), *aff'd sub nom.*, *Friedman v. Texaco, Inc.*, 691 S.W.2d 586 (Tex. 1985).

We conclude that Horizontal failed to establish a prima facie case in support of the element of malice for two reasons.

First, as we have already stated, there was nothing that was false in the forms that Endeavor submitted to the Railroad Commission. Accordingly, Endeavor's belief that it had accurately described its interests in the applications was "reasonable." *See id.*

Second, the evidence before the trial court indicated that Endeavor had conducted a title review prior to filing the applications for the permits, and—as a result of that review—Endeavor believed that the permits sought permission to drill only where it had mineral interests. Even if we assume, as Horizontal argues, that the permits contained false statements, Horizontal offers no prima facie evidence indicating that Endeavor *believed* that its statements were false. As such, there is no prima facie evidence that, in submitting the permits, Endeavor engaged in "deliberate conduct without reasonable cause." *See Allen-Pieroni*, 538 S.W.3d at 636.

C. *Horizontal Failed to Meet its Prima Facie Burden*

Our conclusions that Horizontal failed to provide prima facie evidence of falsity and malice are sufficient to resolve the question of whether the trial court erred when it determined that Horizontal failed to establish a prima facie case under the TCPA. *See* Civ. Prac. & Rem. § 27.005(c) (Nonmovant must offer "clear and specific evidence . . . for each essential element of the claim."). As such, we need not (and do not) address Endeavor's argument that Horizontal also failed to provide

13

prima facie evidence of its ownership of the deep rights in tract two. Likewise, we need not (and do not) address Endeavor's argument that Horizontal failed to provide prima facie evidence of special damages.

We overrule Horizontal's first issue.

*Conclusion*

Having determined that the TCPA applies and that Horizontal failed to establish a prima facia case supporting at least one essential element of its cause of action, we conclude that the trial court properly dismissed this matter in accordance with the requirements of the TCPA.

*This Court's Ruling*

We affirm the order and final judgment of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

May 8, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

14