**Opinion issued June 28, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-12-00453-CV

————————————————

**TEXAS RICE LAND PARTNERS, LTD., JAMES E. HOLLAND, AND DAVID C. HOLLAND, Appellants**

**V.**

**DENBURY GREEN-PIPELINE TEXAS, LTD. AND MIKE LATTA, Appellees**

---

**On Appeal from the County Court at Law No. 1
Jefferson County, Texas
Trial Court Case No. 114012**

---

## MEMORANDUM OPINION

Texas Rice Land Partners, Ltd., James E. Holland, and David C. Holland brought this restricted appeal from a trial court's order confirming the award of the commissioners in a condemnation proceeding. To prevail on a restricted appeal, a

party must show: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-decree motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *see* TEX. R. APP. P. 26.1(c), 30.

The parties have not yet briefed this case, but they have submitted an agreed statement of the case. *See* TEX. R. APP. 34.3. According to the agreed statement of the case and this court's review of the record, all four requirements for relief in a restricted appeal have been met: appellants filed a notice of appeal within six months of the date the judgment was signed, appellants were parties to the lawsuit, appellants did not participate in a hearing or trial because none was held, and there is error on the face of the record because judgment was entered without any notice of a trial or dispositive hearing being given to any party. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899 (1988) (stating that failure to give notice of proceeding that will be accorded finality is violation of due process); TEX. R. CIV. P. 245 (providing for mandatory forty-five day notice of a trial setting in contested cases); *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied) (stating failure to give notice of trial setting violates due

process).  We therefore reverse the judgment of the trial court and remand this cause for further proceedings.  All pending motions are denied as moot.

**PER CURIAM**

Panel consists of Justices Higley, Sharp, and Huddle.