**AFFIRMED and Opinion Filed December 31, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00319-CV**

**IN THE INTEREST OF A.B.B., A CHILD**

**On Appeal from the 305th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-17-00832**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Smith

The trial court signed an order terminating the parental rights of Mother on September 24, 2018. Mother filed a bill of review challenging the termination on April 4, 2019, followed by three subsequent amended petitions for bill of review. The Department of Family and Protective Services filed a response and a plea to the jurisdiction. The trial court granted the Department's plea to the jurisdiction and dismissed the case.

On appeal, Mother argues the trial court abused its discretion by (1) strictly imposing the six-month statutory deadline for filing a bill of review; (2) allowing her court-appointed attorney to withdraw without strict compliance with rule of civil

procedure 10; and (3) holding the termination hearing without representation or proper notice. We affirm the trial court's order.

## Background

On August 18, 2017, the Department filed an original petition for protection of child, for conservatorship, and for termination in the suit affecting the parent child relationship. A.B.B. was six months old at the time of the filing. The Department alleged, among other things, that Mother had a mental or emotional illness or mental deficiency that rendered her unable to provide for the physical, emotional, and mental needs of A.B.B.

In the affidavit attached to the original petition, the caseworker stated that on July 21, 2017, Mother went to the Jack Evans Dallas Police Department and reported she wanted to kill herself as well as A.B.B. by stabbing her to death. Mother went to Parkland hospital and was later transferred to Timberlawn hospital because of homicidal and suicidal ideations. She was released August 1, 2017, but returned to another facility a couple weeks later because of continued metal health issues. The affidavit also stated that Mother had a previous removal and termination of parental rights because she abused her five-week-old son.[1]

The trial court appointed the Department temporary managing conservator of A.B.B. on August 21, 2017. The clerk's record includes a Family Service Plan

---

[1] The record does not indicate the date of this birth, but her parental rights were terminated on October 1, 2015. The child was adopted in January of 2016.

signed by Mother on September 20, 2017, which included a permanency goal of "family reunification." At that time, A.B.B. was thriving in her foster home.

Mother appeared in person, and with her attorney, for status hearings on October 18, 2017 and February 19, 2018.

The parties entered into a mediated settlement agreement on April 18, 2018 allowing, among other things, Mother unsupervised transitional visits from Friday at 5:00 p.m. until Monday at 9:00 a.m. and a statutory monitored 180-day return beginning on April 30, 2018. Mother's monitored return lasted twenty-four hours.

On May 7, 2018, the Department filed a motion to modify temporary orders for neglectful supervision based on Father, who police arrested in possession of drugs, leaving A.B.B. unsupervised at home while Mother worked. The court again appointed the Department as A.B.B.'s temporary managing conservator, and A.B.B. returned to the same foster home as before the monitored return.

Mother answered the Department's suit for termination of her parental rights on July 19, 2018, and filed a petition seeking managing conservatorship of A.B.B. At that time, a jury trial was set for August 20, 2018.

On August 9, 2018, Mother's appointed attorney filed a motion asking that A.B.B. remain in the temporary conservatorship of the Department and requesting an extension of the trial and dismissal date because "Mother has not maintained contact with the undersigned attorney or the Department to mediate this case and/or to confer with [] Father to discuss the options in resolving this matter."

Mother's attorney filed a motion to withdraw on August 16, 2018, arguing that good cause existed for withdrawal because she was unable to "effectively communicate with [Mother] in a manner consistent with good attorney-client relations." She alleged Mother had not made any contact since early June of 2018 and had not answered emails. Efforts to contact Mother were futile as her last known phone number was out of service, and she did not live at her last known address.

On August 20, 2018, the day of the termination hearing, the court granted the attorney's motion to withdraw. At the hearing, counsel indicated that her last contact with Mother was after the last hearing, and "she knew to be here." The trial judge asked her bailiff to "sound the hall for [Mother]," but she was not present. The termination hearing then proceeded without representation for Mother.

A caseworker testified that despite numerous ordered services, Mother's involvement had been fairly minimal and highly sporadic. The Department testified that termination was in the best interests of A.B.B. because Mother failed to comply with the court ordered services, she knowingly placed or allowed A.B.B. to remain in conditions that endangered her physical or emotional well-being, and she engaged in conduct or knowingly placed A.B.B. with persons who engaged in conduct endangering A.B.B.'s emotional or physical well-being.

The Department testified A.B.B.'s foster family wanted to proceed with adoption. The Department further indicated that giving Mother more time to address

her living conditions or mental health would not change what was in the best interest of A.B.B., which was to move forward with adoption.

The trial court signed an order terminating Mother's parental rights on September 24, 2018. The order stated that Mother "failed to appear following service of citation and notice and was found to be wholly in default."

Mother filed a petition for bill of review on April 4, 2019, and an amended petition for bill of review on September 3, 2019. Subsequently, the Department filed its response to the bill of review and a plea to the jurisdiction. The Department argued Mother's bill of review was untimely and, therefore, barred by the Texas Family Code. Mother filed two more amended bills of review on January 14, 2020 and January 16, 2020, but never addressed the Department's jurisdictional argument. Rather, she claimed she "did not become aware of her rights until the time had already passed for a Motion for New Trial or Motion to Reconsider."

The trial court held a hearing on February 7, 2020. Mother appeared in person and through her attorney of record. The Department argued its plea to the jurisdiction. After reviewing the pleadings and hearing arguments, the trial court orally granted the Department's plea to the jurisdiction because Mother's bill of review was untimely. The trial court then allowed Mother's counsel to create a record as to what Mother would have testified to, if given the opportunity. Counsel stated Mother would have testified that she did not receive notice of the August 20, 2018 hearing.

The trial court signed a dismissal order for lack of jurisdiction on May 22, 2020. At that time, A.B.B. had been with her adoptive family for almost a year.

This appeal followed.

## Standard of Review

A bill of review is an independent equitable action brought to set aside a judgment in the same court in an earlier suit when the judgment in the earlier suit is final, not reviewable on appeal, and does not appear to be void on the face of the record. *Vickery v. Vickery*, 999 S.W.2d 342, 367 (Tex. 1999). Because the administration of justice requires that judgments be afforded some finality, courts do not look on bills of review with favor, and the grounds on which they are granted are narrow and restricted. *Id*.; *In the interest of I.S.*, No. 05-15-01450-CV, 2016 WL 3005721, at *2 (Tex. App.—Dallas May 23, 2016, pet. denied) (mem. op.). We review the granting of a bill of review under an abuse of discretion standard. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, pet. denied).

## Discussion

In her first issue, Mother argues the trial court abused its discretion and violated her due process rights by strictly imposing Texas Family Code section 161.211(a)'s six-month limitation for attacking an order terminating parental rights. The Department responds courts have repeatedly upheld the validity of the statute even when underlying claims have involved due process allegations.

Section 161.211(a) of the Texas Family Code provides that the validity of an order terminating the parental rights of a person who was personally served is not subject to either a direct or collateral attack filed more than six months after the termination order has been signed. TEX. FAM. CODE ANN. § 161.211(a). Thus, if a person who is constitutionally entitled to notice of the termination proceeding receives proper notice, the trial court lacks jurisdiction to entertain any challenges, direct or collateral, after six months from the time the termination order is signed. *In the interest of I.S.*, 2016 WL 3005721, at *2; *see also In re E.R.*, 335 S.W.3d 816, 821 (Tex. App.—Dallas 2011), *rev'd on other grounds*, 385 S.W.3d 552 (Tex. 2012).

Here, the record shows Mother was served by citation, filed an answer, and never challenged the validity of service or the court's jurisdiction over the underlying termination. The trial court signed the order terminating Mother's parental rights on September 24, 2018. Thus, section 161.211(a) required Mother to attack the order no later than March 24, 2019.

Mother, however, argues that termination proceedings must be strictly scrutinized and a state law time limit that violates due process is unenforceable. A review of case law, including precedent from this Court, indicates otherwise.

For example, in *I.S.*, an aunt filed a bill of review on behalf of the mother after the mother's parental rights were terminated. 2016 WL 3005721, at *1. The bill of review alleged that the mother was never served in the suit, CPS failed to exercise

due diligence in its search to locate the aunt, and that the mother received ineffective assistance of counsel. *Id*. Despite these alleged due process violations, this Court held that the record indicated that the mother had been personally served with notice of the proceedings; therefore, section 161.211 required her to attack the termination within six months. *Id*. at *2. Because the bill of review was filed almost two years later, we concluded the trial court properly denied the bill of review and lacked jurisdiction to consider the claims in the bill of review. *Id*.

In *H.L.M.*, the Austin court of appeals reached a similar conclusion when a mother challenged the dismissal of her bill of review based on section 161.211(a). *In the interest of H.L.M.*, No. 03-19-00490-CV, 2019 WL 6721000, at *1 (Tex. App.—Austin Dec. 11, 2019, pet. denied) (mem. op.). The mother argued that because her petition for bill of review alleged that her due process rights were violated when she received ineffective assistance of counsel at "the most critical stage of the case: shortly before and after the final decree of termination was signed," the six-month time limit did not apply. *Id*. at *3. The court reasoned that even assuming the allegations of ineffective assistance by counsel were true, her bill of review did not explain how the six-month time limit for filing her petition for bill of review deprived her of her constitutional right to due process, particularly when the mother did not dispute that she had notice of the decree of termination. *Id*. Because the record did not indicate that she was precluded from filing her bill of review within the statutory deadline, the trial court did not abuse its discretion by dismissing

the bill of review. *Id*. Similar to the present facts, Mother does not dispute that she received personal service of the termination suit and that she had notice of the termination decree.

The Texas Supreme Court has held in one case that the six-month statutory deadline in section 161.211 did not apply to bar the mother's claim; however, the facts are easily distinguishable. *See In re E.R.*, 385 S.W.3d 552 (Tex. 2012). In that case, the mother challenged section 161.112(b), which applies to service of citation by publication. *Id*. at 555. The court's analysis focused on whether service by publication was constitutionally acceptable when the State knew the mother's identity, was in regular contact with her, and had at least one in-person meeting with her after it sued to terminate her rights. *Id*. After discussing the history of service by publication, the court concluded that "notice by publication is a poor and sometimes a hopeless substitute for actual service and notice, and it's justification is difficult at best." *Id*. at 561 (quoting *City of N.Y. v. N.Y., New Haven & Hartford R.R. Co.*, 344 U.S. 293, 296 (1953)). Because it was both possible and practical to more adequately notify the mother of the impending termination of her parental rights, notice by publication was constitutionally inadequate. *Id*. at 566. The court acknowledged the policy concerns of the Department to reach a quick and final decision to promote the best interests of a child; however, it recognized that "finality cannot trump a parent's constitutional rights to be heard." *Id*.

The concerns addressed by the supreme court in *E.R.* are absent in the present case. The Department did not serve citation by publication, but instead Mother was personally served. Mother's attorney stated at the beginning of the termination hearing that she told Mother the date of the hearing, yet she did not show up. Then, when Mother learned of the termination, she failed to act within the statutory deadline. The record is noticeably silent as to why.[2] "When a child's welfare hangs in the balance, the reliance interest created by a termination order need not yield when a parent learns of the order yet unreasonably fails to act." *Id.* at 568.

Parents and children have an interest in resolving termination proceedings as expeditiously as reasonably possible. *In re K.S.L.*, 538 S.W.3d 107, 115 (Tex. 2017). The child's best interest in inherently threatened by undue uncertainty and delay in finally determining where the child will live and who will raise her. *Id.* This concern is reflected by the legislative mandate that trial proceedings and appeals in parental termination cases are subject to expeditated procedures. *Id.*

Because Mother failed to comply with section 161.112(a), she failed to invoke the jurisdiction of the trial court. Thus, the trial court did not abuse its discretion by granting the Department's plea to the jurisdiction and dismissing the case without addressing the merits of Mother's bill of review. We overrule Mother's first issue.

---

[2] While the record indicates Mother was in and out of treatment facilities for mental health issues prior to termination, the record does not indicate she was a patient during the six months after termination—a scenario that could hinder her ability to find out her parental rights were terminated within the six-month timeframe and could result in a deprivation of her due process rights.

Although we do not look favorably upon the filing and the granting of the motion to withdraw under the facts of this case, particularly when Mother's attorney was appointed, we do not have jurisdiction to consider the arguments. As such, we do not reach the merits of Mother's second and third issues. *See* TEX. R. APP. P. 47.1.

## Conclusion

Because section 161.211(a) barred Mother's bill of review, the trial court lacked jurisdiction to consider it. We affirm the trial court's order dismissing the case for lack of jurisdiction.

/Craig Smith/
CRAIG SMITH
JUSTICE

200319F.P05



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF A.B.B., A CHILD

No. 05-20-00319-CV

On Appeal from the 305th Judicial District Court, Dallas County, Texas Trial Court Cause No. JC-17-00832. Opinion delivered by Justice Smith. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee the Department of Family and Protective Services recover its costs of this appeal from appellant Bennie Bigham.

Judgment entered December 31, 2021.