**REVERSE; RENDER Judgment; and REMAND and Opinion Filed March 11, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-20-00384-CV**
_____

**BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR NEWCASTLE MORTGAGE SECURITIES TRUST 2006-1, Appellant**
**V.**
**FFGGP, INC. SUCCESSOR TRUSTEE FOR THE NIMITZ WAY 1229 LAND TRUST, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-00161**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Goldstein

Bank of New York Mellon, as indenture trustee for Newcastle Mortgage Securities Trust 2006-1 (BNYM), appeals the trial court's order granting the motion for summary judgment filed by FFGGP, Inc., successor trustee for the Nimitz Way 1229 Land Trust (FFGGP) and dismissing BNYM's bill of review. In two issues, BNYM argues the trial court erred in dismissing its bill of review based upon legal infirmities related to pleading and service. We reverse the trial court's judgment,

render summary judgment granting BNYM's bill of review, and remand for further proceedings on the merits of the underlying suit.

## Background

In January 2019, BNYM filed its original petition for bill of review alleging FFGGP filed a suit to quiet title on certain real property on which BNYM had a superior mortgage lien. BNYM alleged FFGGP obtained a default judgment invalidating BNYM's superior lien despite failing to serve proper notice of the lawsuit on BNYM. Specifically, BNYM complained FFGGP executed service on BNYM via substituted service on the secretary of state notwithstanding the fact that BNYM maintains a registered agent in Texas. Because FFGGP failed to properly serve BNYM, BNYM argued, it was entitled to have its bill of review granted and the final judgment in favor of FFGGP set aside.

The parties filed cross motions for summary judgment. In its motion, FFGGP argued that, because BNYM was sued in its representative capacity as a trustee, it was properly served under the Texas Estates Code. BNYM argued that a party suing a financial institution such as BNYM must serve process on the institution in accordance with section 17.028 of the civil practice and remedies code; otherwise, service is ineffective. In February 2020, the trial court granted FFGGP's traditional motion for summary judgment and dismissed BNYM's bill of review. This appeal followed.

Because it is dispositive of this appeal, we first address BNYM's argument that FFGGP "attempted to circumvent the mandate of Section 17.028 and serve[d] BNYM via the Secretary of State under the Estate [sic] Code." BNYM argues the trial court erred in granting FFGGP's motion for summary judgment and dismissing BNYM's bill of review.

**Standards of Review**

We review a traditional motion for summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *See HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 352 (Tex. 2009); *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). When we review a traditional summary judgment, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *see also* TEX. R. CIV. P. 166a(c). We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve every doubt in favor of the nonmovant. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

We review the denial of a bill of review for an abuse of discretion. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.). Generally, a party seeking a bill of review must allege and prove that (1) he had a meritorious defense to the underlying cause of action, (2) which he was prevented from making because of fraud, accident, or a wrongful act by the opposite party, (3) that was untainted by

any fault or negligence of his own. *Caldwell v. Barnes* (*Caldwell II*), 154 S.W.3d 93, 96 (Tex. 2004).

**Analysis**

When a bill of review is based solely on a claim of non-service, however, the bill of review plaintiff is only required to prove the third element. *Id.* at 96–97. An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered; therefore, the third element is conclusively established if the bill of review plaintiff proves non-service. *Id.* at 97 (citing *Caldwell v. Barnes* (*Caldwell I*), 975 S.W.2d 535, 537 (Tex. 1998)). The burden is on the bill of review plaintiff to show by a preponderance of the evidence that he was not served. *Id.* at 98.

The Supreme Court of Texas recently determined that section 17.028 of the civil practice and remedies code provides the exclusive means for service of process on a financial institution. *See* TEX. CIV. PRAC. & REM. CODE § 17.028; *U.S. Bank Nat'l Ass'n v. Moss*, No. 20-0517, slip op. at 2 (Tex. Feb. 25, 2022), *available at* https://www.txcourts.gov/media/1453691/200517.pdf. Section 17.028 requires service on the institution's registered agent. *See* TEX. CIV. PRAC. & REM. CODE § 17.028. The *Moss* court held that "service on the Secretary [of State] as a foreign corporate fiduciary's 'agent' under Chapter 505 does not constitute service on a financial institution's 'registered agent' for purposes of section 17.028." *Id.* Accordingly, we sustain BNYM's issue to the extent it argues that service under

–4–

chapter 505 of the Texas Estates Code was ineffective, and service under section 17.028 was mandatory. Because of our disposition of this issue, we need not address BNYM's remaining issues.

We reverse the trial court's judgment, render summary judgment granting BNYM's bill of review, and remand for further proceedings on the merits of the underlying suit.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200384F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR NEWCASTLE MORTGAGE SECURITIES TRUST 2006-1, Appellant

No. 05-20-00384-CV      V.

FFGGP, INC. SUCCESSOR TRUSTEE FOR THE NIMITZ WAY 1229 LAND TRUST, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-00161. Opinion delivered by Justice Goldstein. Justices Molberg and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and summary judgment is **RENDERED** granting Bank of New York Mellon's bill of review and setting aside the default judgment against Bank of New York Mellon.  This case is **REMANDED** for further proceedings consistent with this opinion.

It is **ORDERED** that appellant BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR NEWCASTLE MORTGAGE SECURITIES TRUST 2006-1 recover its costs of this appeal from appellee FFGGP, INC. SUCCESSOR TRUSTEE FOR THE NIMITZ WAY 1229 LAND TRUST.

Judgment entered this 11th day of March 2022.