**REVERSE; RENDER and REMAND and Opinion Filed March 3, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00206-CV**

**TRUIST BANK, Appellant**
**V.**
**ROGELIO LOYOLA AND EMPIRE EXOTIC MOTORS, INC., Appellees**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-18492**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Goldstein

Truiust Bank appeals the trial court's dismissal of its petition for bill of review to set aside a Default Judgment. In four issues, Truist Bank[1] argues (1) the trial court erred in dismissing its bill of review asserting it had standing to challenge the default judgment in a suit where it was not a party, (2) it is undisputed it was never served, joined or notified of the underlying lawsuit which extinguished its properly perfected and unreleased lien on a 2018 Ferrari, (3) it raised meritorious defenses, and (4) the

---

[1] Truist Bank asserts it is the successor in interest to SunTrust Bank, which is not disputed in the record before us, and therefore references to Truist Bank shall mean SunTrust Bank where applicable.

trial court's failure to file findings of fact and conclusions of law was harmful error. We reverse the trial court's judgment dismissing the petition for bill of review, render judgment granting the bill of review, and remand for further proceedings consistent with this opinion.

## BACKGROUND

This dispute centers around the right to possess a 2018 Ferrari. The facts are well known to the parties[2] and we draw these facts from the record before us. Briefly, Lou Gigliotti financed the purchase of the Ferrari through Truist Bank. Gigliotti traded in the Ferrari to Empire Exotic Motors. Empire thereafter sold the Ferrari to Loyola without satisfying the Truist Bank loan or obtaining clear title.

Gigliotti sued Rogelio Loyola and his wife in Collin County asserting a conversion claim and seeking a declaratory judgment that he is the lawful owner of the Ferrari and restoration of title. In his Collin County original petition, Gigliotti asserted that the Ferrari was financed through Truist Bank, which took a security interest in, and held possession of, the title for amounts due and owing. After he filed an answer in the Collin County suit, Loyola sued Empire in Dallas County seeking title to the Ferrari through breach of implied warranty or suit for specific performance. In his Dallas County lawsuit, Loyola did not reference the pending

_____

[2] The extensive background facts are set forth in a separate appeal resolving the right of possession issue. *Loyola v Truist Bank*, No. 05-21-00948-CV, 2023 WL 1501629, (Tex. App.—Dallas February 3, 2023, no pet. h.) (mem. op.). We note that Truist Bank was not a party to the Collin County lawsuit at the time Loyola filed the Dallas County lawsuit.

Collin County proceedings and failed to identify Truist Bank as a party in interest or otherwise apprise the trial court of a lien on the Ferrari. On June 9, 2020, Loyola obtained a default judgment against Empire which stated that Loyola "is the good faith purchaser of the Ferrari and is entitled to a valid Texas title, free and clear of all liens."[3] Truist Bank asserts that Loyola applied for and obtained a new title to the Ferrari removing the Truist Bank lien.

On December 16, 2020, Truist Bank filed its original petition for bill of review alleging Loyola filed a suit to obtain clear title to the 2018 Ferrari on which Truist Bank had a properly perfected, unreleased lien. Truist Bank asserted Loyola obtained a default judgment invalidating Truist Bank's secured interest lien by failing to serve, join, or notify Truist Bank of the Dallas County lawsuit. Because Loyola failed to properly serve, join, or notify Truist Bank, it argued, Truist Bank was entitled to have its bill of review granted and the final judgment in favor of Loyola set aside. Loyola answered, asserting Truist Bank lacked standing. In a verified plea, Loyola asserted another suit was pending between the same parties involving the same claim. On March 1, 2021, the trial court entered an order denying Truist Bank's bill of review having "determined that the Petition is not well founded." Truist Bank requested findings of fact and conclusions of law and timely

---

[3] The record before us reflects the Dallas County suit sought transfer of title, with no reference to liens.

gave notice of past due findings of fact and conclusions of law. None were issued, and this appeal followed.

## STANDARD OF REVIEW

We review the denial of a bill of review for an abuse of discretion. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.). Generally, a party seeking a bill of review must allege and prove that (1) he had a meritorious defense to the underlying cause of action; (2) which he was prevented from making because of fraud, accident, or a wrongful act by the opposite party; (3) that was untainted by any fault or negligence of his own. *Caldwell v Barnes,* 154 S.W.3d 93, 96 (Tex. 2004).

## ANALYSIS

A bill of review is an equitable proceeding to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or a direct appeal. *Mabon Ltd. v. Afri–Carib Enters., Inc.,* 369 S.W.3d 809, 812 (Tex. 2012) (per curiam). A bill of review is a "direct attack" on a judgment. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). Ordinarily, a bill of review involves an independent action by a party to the former case. *Id.* at 270 n.1. A nonparty, however, has standing to bring a bill of review if it had a then-existing legal right or interest that was prejudiced by the prior judgment. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010). A party can argue that a judgment is void in either a bill of review or a collateral attack. *See PNS Stores*, 379 S.W.3d at 271 ("It is well

–4–

settled that a litigant may attack a void judgment directly or collaterally"). It is undisputed that Truist Bank claimed it had an interest in the Ferrari at the time of the default judgment and that Loyola, through participation in the Collin County suit, was on notice of Truist Bank's unreleased lien and possession of the original title. The Default Judgment granting Loyola title "free and clear of all liens" no doubt prejudices Truist Bank's legal right and interest in its priority, unreleased lien and original title.[4] Based upon the record before us, we conclude that Truist Bank had standing to bring a bill of review.[5] *See Frost Nat'l Bank*, 315 S.W.3d at 504.

Truist Bank asserted a meritorious defense based upon its unreleased priority lien, its possession of the original title to the Ferrari, and its challenge to Loyola's right to relief in the Dallas County lawsuit. On this record, we are not persuaded by Loyola's 2.403 Business and Commerce Code argument that, as a matter of law, he had a right to clear title, and we decline to so determine. The record does not contain the evidence considered by the trial court in rendering the default or indicate what Loyola knew at the time of title transfer and whether such title transferred was free and clear of all liens. Nor did Loyola assert being a bona fide purchaser for value as a defense to the bill of review; instead, he raised this issue in his trial brief, supported by his declaration to the trial court. Truist Bank was prevented from establishing or

---

[4] We were not asked and do not opine about Loyola's ability to receive title free and clear of all liens as against Commerce Bank which Loyola represented to have financed the balance of the Ferrari purchase.

[5] On appeal, Loyola does not dispute Truist Bank had standing.

protecting its priority lien rights by Loyola's wholesale failure to serve, join, or notify Truist Bank in the Dallas County suit. As a result, Loyola was unchallenged in obtaining a default judgment granting him the ability to obtain title to the Ferrari free and clear of all liens. Loyola does not assert, and the record is devoid of any evidence of fault or negligence on the part of Truist Bank.

We conclude on the record before us that the trial court abused its discretion by not affording Truist Bank the opportunity to assert its existing legal right or interest in the Ferrari juxtaposed against Loyola's legal right to title or possession. *See id.* Based upon this determination, we need not and do not address the failure to issue findings of fact or conclusions of law. TEX. R. APP. P. 47.1.

We reverse the trial court's judgment, render judgment granting Truist Bank's bill of review, and remand for further proceedings consistent with this opinion.

/Bonnie Lee Goldstein/

BONNIE LEE GOLDSTEIN

210206F.P05                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRUIST BANK, Appellant

No. 05-21-00206-CV          V.

ROGELIO LOYOLA AND EMPIRE
EXOTIC MOTORS, INC., Appellees

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-20-18492.
Opinion delivered by Justice
Goldstein. Justices Partida-Kipness
and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and judgment is **RENDERED GRANTING** Truist Bank's bill of review.  This case is **REMANDED** for further proceedings consistent with this opinion.  It is **ORDERED** that appellant TRUIST BANK recover its costs of this appeal from appellees ROGELIO LOYOLA AND EMPIRE EXOTIC MOTORS, INC.

Judgment entered this 3rd day of March 2023.